**Linda M. DAVIES, Plaintiff**

v.

**JOBS & ADVERTS ONLINE, GMBH Defendant.**

**No. CIV.A. 99–1293–A.**

United States District Court, E.D. Virginia. Alexandria Division.

May 5, 2000.

Daniel Lewis Hawes, Hawes & Associates, Fairfax, VA, for Plaintiff.

Edward Lee Isler, Ray & Isler, P.C., Vienna, VA, for Defendant.

### MEMORANDUM OPINION

ELLIS, District Judge.

In this breach of contract action against a German corporation, plaintiff has twice

elected not to effect service of process via the Hague Convention,[1] choosing instead to serve, in the first instance, the Clerk of the Virginia State Corporation Commission, and in the second instance, defendant's lawyer and registered agent for its wholly-owned subsidiary. For the reasons that follow, service in both instances is insufficient.

## I.

In January 1998, plaintiff entered into a written employment contract with defendant, a German corporation, in Virginia. In essence, defendant agreed to employ plaintiff as the president of its wholly-owned U.S. subsidiary, Jobs & Adverts USA, Inc. ("J & A USA") at an annual salary of $66,000. By its terms, the contract could be canceled by either party on three months notice, or by defendant, at any time, for cause. After plaintiff had served as J & A USA's president for several months and failed to generate any revenue, defendant invoked the three months notice provision and terminated plaintiff's contract on November 21, 1998. Following this, defendant claims that an audit of J & A USA's books revealed that plaintiff had breached her fiduciary duty to J & A USA by, *inter alia*, compensating herself in excess of her annual salary, and by paying family members significant sums allegedly in compensation for services performed, without revealing their relationship to her. In addition, plaintiff failed to return all company records after her termination, as required by the contract. In light of these discoveries, defendant reclassified plaintiff's termination as "for cause," and accordingly declined to pay plaintiff the three months severance pay required under the contract for termination without cause.

Following plaintiff's termination, J & A USA filed a complaint against plaintiff in Fairfax County Circuit Court for fraud and breach of fiduciary duty. Plaintiff, in turn, filed an action in Arlington County Circuit Court against Gerhard Kelm, who is outside counsel for both defendant and J & A USA, as well as being J & A USA's Corporate Secretary and registered agent. In her suit, plaintiff alleged that Kelm wrongfully interfered with her contract with J & A USA and that defendant had wrongfully caused J & A USA to terminate her contract. Plaintiff also stated claims for defamation, intentional interference with economic relations and conspiracy to injure another in his reputation, business or trade. In October 1999, J & A USA, Kelm and plaintiff entered into a settlement agreement in which they agreed to dismiss both (Fairfax and Arlington) lawsuits.[2]

In August 1999, prior to the settlement of the state lawsuits, plaintiff filed the instant suit against defendant, J & A USA's German parent. To effect service of process, plaintiff served the Clerk of the State Corporation Commission in Richmond, Virginia.[3] The Clerk of the State Corporation Commission, as part of effecting service pursuant to Virginia Code § 12.1–19.1, sent a copy of the complaint to defendant in Germany.[4] On these facts, defendant moved to dismiss on the ground that, Rule 4(f), Fed.R.Civ.P., which governs service of process on individuals and

---

1. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1, *et seq.*, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163, *reprinted in* Fed.R.Civ.P. 4. [hereinafter referred to as "the Hague Convention"].

2. *Defendant was not a party to the Settlement Agreement.*

3. Virginia Code § 13.1–758 authorizes service of process on foreign corporations that trans-act business in Virginia without first obtaining a certificate of authority by serving the Clerk of the State Corporation Commission. Assuming for the purposes of this motion that defendant transacted business in Virginia, it did so without a certificate of authority.

4. Section 12.1–19.1 provides that whenever the Clerk of the Commission is deemed by statute to be the agent for service of process for a foreign corporation transacting business in Virginia, the party seeking service shall leave two copies of the process at the Clerk's

corporations in foreign countries, required plaintiff to follow the provisions of the Hague Convention in serving the complaint upon defendant. The motion succeeded; by order dated February 18, 2000, defendant's motion was granted insofar as it sought a determination that service of process via the Clerk of the State Corporation Commission was defective. Rather than dismissing the action, the Court granted plaintiff sixty days in which to cure the deficient service by serving process on defendant in accordance with the Hague Convention.

Thereafter, plaintiff served Kelm, defendant's outside counsel, with a copy of the complaint, asserting that (i) he is defendant's agent, and therefore is an appropriate person to receive service of process for defendant and (ii) J & A USA is defendant's agent and, as Kelm is J & A USA's registered agent, service on him constitutes proper service on defendant. Defendant seeks dismissal once again on grounds of insufficiency of process and insufficiency of service of process, pursuant to Rules 12(b)(4) and (b)(5), Fed. R.Civ.P.[5]

## II.

■ Plaintiff has made two attempts to serve defendant, and both must be examined for their sufficiency. The first issue to be resolved is whether plaintiff's attempt at serving defendant through the Clerk of the State Corporation Commission was indeed insufficient. This question can confidently be answered in the affirmative, as this attempt at service triggered the provisions of the Hague Convention, and it is undisputed that plaintiff did not comply with those provisions. Virginia Code § 12.1–19.1 mandates that whenever the Clerk of the Commission is deemed to be the agent for service of process for a foreign corporation doing business in Virginia, the Clerk must mail the process to the defendant at the address supplied by the party seeking service. *See* Va.Code § 12.1–19.1. In this case, the address supplied by plaintiff was defendant's address in Germany; thus, the Clerk of the Corporation Commission, as required, mailed the process to defendant in Germany. This mailing triggered the application of the Hague Convention because all service abroad is governed by the Hague Convention. *See Randolph v. Hendry*, 50 F.Supp.2d 572, 575 (S.D.W.Va. 1999) (noting that Article 1 of the Hague Convention provides that its terms apply "in all cases ... where there is occasion to transmit a judicial or extrajudicial document for service abroad").[6] Indeed,

office, and the Clerk then will mail the process to the defendant at the address supplied by the party seeking service. *See* Va.Code § 12.1–19.1.

**5.** Rules 12(b)(4) and 12(b)(5) are often confused. Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint. *See* 5A, Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990). Here, as defendant is challenging not the form of the process, but rather the manner of service, the motion is properly construed as a motion for dismissal under Rule 12(b)(5), Fed.R.Civ.P.

**6.** Rule 4(f), Fed.R.Civ.P., states that service upon an individual or corporation outside the United States may be effected "by any inter-

nationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Generally, the Hague Convention, to which Germany is a signatory, requires that a plaintiff serve the complaint and accompanying documents on a designated "central authority" in the defendant's country and translate the complaint and accompanying documents into the defendant's language. *See* 1 Moore's Federal Practice § 4.52[1][a] (3d ed.2000). To accomplish this, a litigant should obtain a Request for Service Form, currently Form USM–94, from the United States Marshal's Service. The completed request form and the documents to be served, along with the accompanying translations must then be mailed to the appropriate central authority with a designation of the method of service to be used. The address of any signatory country's central authority can be obtained from the State Department. *See* <http://trav-

"substituted service on a foreign corporation under Virginia law necessarily involves the transmission of documents abroad within the contemplation of the Hague Convention." *Fleming v. Yamaha Motor Corp., USA*, 774 F.Supp. 992, 994–95 (E.D.Va.1991). Thus, it is insufficient to serve a foreign defendant, as plaintiff here sought to do, via the Clerk of the State Corporation Commission, without complying with the dictates of the Hague Convention.

■ The second issue presented by the motion at bar is whether plaintiff properly effected service on defendant through her service on Kelm, defendant's outside counsel and J & A USA's registered agent.[7] In asserting that service of process on Kelm was sufficient to effect service on defendant, plaintiff relies on Virginia Code § 13.1–758, which states, in pertinent part, that "[s]uits, actions and proceedings may be begun against a foreign corporation that transacts business in this Commonwealth without a certificate of authority by serving process on any director, officer or agent of the corporation ...."[8] It is undisputed that Kelm was not designated as defendant's agent for receipt of service of process, but this is not dispositive, as an agent's authority to accept service may be implied in fact. *See United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed.Cir.1997). Accordingly, plaintiff relies on Kelm's role as defendant's counsel as establishing the requisite agency relationship. This reliance is misplaced, however, as numerous federal courts have held that "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *Id.* at 881; *see also Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir.1990). Rather, the party seeking to establish the agency relationship must show "that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *Ziegler*, 111 F.3d at 881. Indeed; even where an attorney has broad power to represent a client, "these powers of representation alone do not create a specific authority to receive service." *Id.*; *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir.1990). Plaintiff here has presented no evidence to establish that defendant either explicitly or implicitly authorized Kelm to accept service of process in this action, or that Kelm ever represented to anyone that he had such authority. Without such evidence, Kelm cannot be defendant's agent for the purposes of receiving service of process merely by virtue of the fact that he is defendant's attorney. Indeed, were that the rule, a foreign party would never hire a lawyer to challenge the sufficiency of service of process because otherwise the party seeking service could simply serve the lawyer. Such a result would be contrary to both law and common sense. Thus, service on Kelm was insufficient to effect service on defendant.

■ Nor was service on Kelm, as the registered agent of J & A USA, defendant's wholly-owned subsidiary, sufficient to effect service on defendant. It is clear, under Virginia law, that service of process

---

el.state.gov/hague_service.html> (visited May 4, 2000).

The Hague Convention also allows for the direct transmission of judicial documents to persons abroad, provided that the state of destination does not object to service by mail. *See* Hague Convention, Art. 10; *see also Fleming v. Yamaha Motor Corp., USA*, 774 F.Supp. 992, 994–95 (E.D.Va.1991). Germany, however, has expressly objected to service by mail, and requires that service be effected on the central authority. *See* Hague Convention, Note 13(4); *see also DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir.1981) (litigants should refrain from using service by mail where the destination country has objected to the practice).

7. Were Kelm or J & A USA suitable entities to receive service of process for defendant, the Hague Convention would not apply, as it is applicable only where papers must be sent abroad to effect service.

8. Also applicable is Virginia Code § 8.01–301, which states that process may be served on a foreign corporation transacting business in Virginia without authorization "by personal service on any agent of [the] foreign corporation ...."

on a foreign defendant's wholly-owned subsidiary is not sufficient to effect service on the foreign parent so long as the parent and the subsidiary maintain separate corporate identities. *See Fleming,* 774 F.Supp. at 994; *see also Consolidated Engineering Co. v. Southern Steel Co.,* 88 F.R.D. 233, 238 (E.D.Va.1980).[9] Plaintiff has presented no evidence to indicate that J & A USA is not a separate and distinct entity from defendant, its parent. To the contrary, the evidence shows that J & A USA has maintained separate and independent offices, financial records, ledgers, bank accounts and filed separate tax returns. Moreover, J & A USA has filed the requisite corporate records, including Articles of Incorporation and a 1999 annual report, with the Virginia State Corporation Commission. These facts preclude a finding, on this record, that J & A USA has failed to maintain a corporate identity separate from defendant, its parent corporation, and consequently service on J & A USA cannot be substituted for service of process on defendant.

In conclusion, on this record, it is clear that both of plaintiff's attempts to serve process on defendant have been insufficient. An appropriate order will issue.

---

9. Other jurisdictions have different rules. For example, in *Volkswagenwerk Aktiengesellschaft v. Schlunk,* the Supreme Court held that the Hague Convention did not apply to service of process in that case because service was complete when plaintiff served Volkswagen's domestic subsidiary pursuant to an Illinois statute which provided that service on a domestic subsidiary was equivalent to service on the parent corporation. *See* 486 U.S. 694, 707, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Virginia, however, has no such statute allowing for substituted service on a foreign corporation's domestic subsidiary. *See Fleming,* 774 F.Supp. at 994.