**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1459**

UNITED STATES OF AMERICA ex rel. JUAN N. WALTERSPIEL, M.D.,
F.A.A.P.,

          Plaintiff - Appellant,

    v.

BAYER AG; QUINTILES TRANSNATIONAL CORPORATION; JOHN DOE; JOE
DOE; JANE DOE,

          Defendants - Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Loretta C. Biggs,
District Judge.  (1:12-cv-00773-LCB-JEP)

Submitted:  October 30, 2015      Decided:  January 20, 2016

Before KEENAN and HARRIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mick G. Harrison, Bloomington, Indiana, for Appellant.  Kathleen
McDermott, Holly Barker, MORGAN LEWIS & BOCKIUS LLP, Washington,
D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan N. Walterspiel, M.D., filed a five count complaint under the False Claims Act (FCA), 31 U.S.C. §§ 3729-33 (2009) (current version at 31 U.S.C. §§ 3729-33 (2012)), against Bayer AG, Quintiles Transnational Corporation, and three Doe defendants. Walterspiel alleged that Bayer AG and Quintiles conspired to falsify study data and that Bayer AG submitted the falsified data to the Food and Drug Administration (FDA) as part of an application for a six-month extension of its patent for Ciprofloxacin (Cipro). Walterspiel further alleged that the extension of Bayer AG's patent for Cipro enabled Bayer AG to sell Cipro at a higher price to the government because the patent delayed the production and sale of less expensive generic equivalents to Cipro.

A magistrate judge issued a recommendation concluding that (1) Walterspiel's complaint with respect to Quintiles failed to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standard; (2) Walterspiel's "request" for leave to amend his complaint did not comply with Fed. R. Civ. P. 7(b)(1) and M.D.N.C. Local R. 15.1 because he did not file a motion for leave to amend or a proposed amended complaint; and (3) Walterspiel failed to complete service of process on Bayer AG and the Doe defendants. Over Walterspiel's objections, the district court adopted the magistrate judge's memorandum recommendation in full and

2

dismissed Walterspiel's action.  On appeal, Walterspiel argues that (1) his complaint contained particularized facts to sustain his claims against Quintiles under the FCA; (2) the district court erred in not permitting him leave to amend his complaint to cure any deficiency in his pleading; (3) the district court erred in dismissing his claims against Bayer AG for failure to complete service of process; and (4) the district court erred in adopting the magistrate judge's report and recommendation without addressing his objections.  We affirm.

I

We turn first to the question whether Walterspiel properly completed service of process on Bayer AG.  "In reviewing an order to dismiss for insufficient service of process, we review de novo the determination that service of process was insufficient and we review for abuse of discretion the decision to dismiss the complaint."  Marshall v. Warwick, 155 F.3d 1027, 1030 (4th Cir. 1998).  Service of process on a foreign corporation can be accomplished by serving either (1) an agent of the corporation in the United States in accordance with forum state service of process rules, in this case Indiana's service of process rules, and the Due Process Clause of the United States Constitution; or (2) the corporation overseas in accordance with the Hague Service Convention.  See

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705-08 (1988); *see also* Fed. R. Civ. P. 4(e)(1), (f), (h). Walterspiel contends that he completed service of process by both means.  We disagree.

Under Indiana Rule of Trial Procedure 4.6(A)(1), service of process on a foreign organization may be completed "upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent."  Under Indiana law, the mere existence of a parent-subsidiary relationship between two entities, even if the subsidiary is wholly owned by the parent, is not sufficient to render the subsidiary the parent's agent for purposes of service of process.  *Gen. Fin. Corp. v. Skinner*, 426 N.E.2d 77, 84 (Ind. Ct. App. 1981).  Instead, an unappointed subsidiary is an agent of the parent for purposes of service of process when the subsidiary lacks a will of its own and operates at the direction of the parent company such that the subsidiary is a "mere instrumentality of the foreign corporation."  *Id.* at 85-86 (internal quotation marks omitted).

Based on the record, including the materials in the joint appendix on appeal, we find no basis to conclude that Bayer AG appointed Bayer Corporation as its actual agent for service of process or that Bayer Corporation's operations are sufficiently controlled by Bayer AG to render Bayer Corporation Bayer AG's

4

agent as a matter of Indiana law. In the absence of any evidence regarding Bayer AG's actual control over Bayer Corporation, as opposed to evidence merely showing that Bayer Corporation is wholly owned by Bayer AG, we conclude that Walterspiel's attempt to serve process on Bayer AG by way of service on Bayer Corporation was ineffective.

Turning to Walterspiel's attempt to serve Bayer AG in Germany via FedEx, the Hague Service Convention governs the service of foreign corporations abroad. Volkswagenwerk Aktiengesellschaft, 486 U.S. at 698. Although Article 10(a) of the Hague Service Convention states that the "Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad," the Article permits a "State of destination" to object to the delivery of judicial documents by postal channels. Hague Service Convention art. 10, Nov. 15, 1965, 20 U.S.T. 361, 363. Germany has objected to Article 10(a), and has established Central Authorities to execute requests for international service of process. See Davies v. Jobs & Adverts Online, GMBH, 94 F.Supp.2d 719, 722 n.6 (E.D. Va. 2000). Accordingly, Walterspiel's use of FedEx to complete service of process on Bayer AG was ineffective under the Hague Service Convention.

Walterspiel argues that even if he failed to complete service of process properly, the district court abused its

5

discretion in dismissing his complaint. We again disagree. At the time of the district court's dismissal, Walterspiel's litigation had been pending for over five years. Furthermore, the district court had inquired four times about Walterspiel's completion of service of process on Bayer AG, and Walterspiel twice represented that he intended to hire a German process service to complete service of process in accordance with German law. Nothing in the record suggests Walterspiel undertook any steps to act on his representation to the court. Accordingly, the district court did not abuse its discretion by dismissing Walterspiel's claims against Bayer AG and the Doe defendants for failure to complete service of process.*

II

Having concluded that Walterspiel did not properly complete service of process on Bayer AG, we turn to the district court's dismissal of Quintiles under Fed. R. Civ. P. 12(b)(6). We review de novo a district court's dismissal of an action under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor

---

* We note that, contrary to Walterspiel's contention on appeal, the magistrate judge's recommendation clearly states that Fed. R. Civ. P. 4(m)'s 120-day time limitation for completing service of process did not apply because Bayer AG was a foreign corporation.

of the nonmoving party. <u>Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.</u>, 684 F.3d 462, 467 (4th Cir. 2012). To sustain an action under the FCA, "a plaintiff must allege four elements: (1) a false statement or fraudulent course of conduct; (2) made with the requisite scienter; (3) that is material; and (4) that results in a claim to the Government." <u>United States v. Triple Canopy, Inc.</u>, 775 F.3d 628, 634 (4th Cir. 2015) (brackets omitted), <u>pet. for cert. filed</u>, No. 14-1440 (June 8, 2015).

Claims brought under the FCA are subject to Fed. R. Civ. P. 9(b)'s "more stringent particularity requirement." <u>Id.</u> "Rule 9(b) requires that an FCA plaintiff must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." <u>Id.</u> (internal quotation marks omitted).

Having reviewed Walterspiel's complaint, we conclude that it lacks particularized allegations regarding the claims Bayer AG made to the Government. Specifically, Walterspiel's complaint fails to identify, with particularity, what claims Bayer AG made to the Government, the amount of the claims, or the extent to which Bayer AG benefited from the alleged fraud it perpetrated on the Government. In an effort to overcome this omission from his complaint, Walterspiel argues that we should

7

adopt a "relaxed" pleading standard for claims involving fraud when the defendants are in exclusive possession of the insufficiently alleged facts. This argument is not persuasive because Quintiles, the only properly served defendant, was one step removed from Bayer AG's filing of claims on the Government, and Walterspiel's complaint lacks sufficient factual allegations supporting the existence of a conspiracy between Bayer AG and Quintiles that would place the relevant evidence regarding Bayer AG's requests for payment to the Government in Quintiles' possession. Therefore, we affirm the district court's dismissal of Walterspiel's claims against Quintiles.

III

The district court denied Walterspiel's request for leave to amend his complaint because the request did not comply with Fed. R. Civ. P. 7(b)(1) or M.D.N.C. Local R. 15.1 when Walterspiel filed neither a motion for leave to amend nor a proposed amended complaint. On appeal, Walterspiel fails to present any challenge to the district court's basis for denying leave to amend. Walterspiel instead argues that the district court abused its discretion by denying him leave to amend because an amendment would not have been futile. Pursuant to Fed. R. App. P. 28, we conclude that Walterspiel has waived appellate review of this issue. See United States v. Bartko,

8

728 F.3d 327, 335 (4th Cir. 2013) (holding that issue not raised in opening brief, as required by Fed. R. App. P. 28(a)([8])(A), is waived).

IV

Finally, Walterspiel argues that the district court erred by adopting the magistrate judge's recommendation without specifically addressing his objections. Walterspiel cites no case law in support of his argument; 28 U.S.C. § 636(b)(1)(C) (2012) merely requires the district court to make a "de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." The district court complied with this requirement. Accordingly, we find no procedural error in the district court's decision not to address specifically Walterspiel's objections.

Therefore, we affirm the district court's judgment and order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED