**THE UNITED STATES,**
**Plaintiff–Appellant,**

v.

**ZIEGLER BOLT AND PARTS**
**COMPANY, Defendant/Cross–**
**Appellant.**

Nos. 95–1408, 95–1419.

United States Court of Appeals,
Federal Circuit.

April 14, 1997.

Jeanne E. Davidson, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued for plaintiff–appellant. With her on the brief were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director.

Matthew Yackshaw, Day, Ketterer, Raley, Wright & Rybolt, Ltd., Canton, OH, argued for defendant/cross–appellant.

Before RICH, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States Court of International Trade quashed the Government's service of process and dismissed its complaint for lack of personal jurisdiction over Ziegler Bolt and Parts Company (Ziegler). Because the Government did not serve a summons and complaint on Ziegler in a timely and legally adequate manner, this court affirms.

## I.

Ziegler is a distributor of nuts, bolts, screws, fasteners, and other related products. During the 1980s, Ziegler imported some of its products from foreign manufacturers. After an investigation, the Government discovered that Ziegler had imported and sold products without complying with customs labeling laws. On this evidence, the Government brought criminal charges, to which Ziegler pled guilty.

Later, the United States Customs Service (Customs) initiated administrative proceedings to impose civil penalties for Ziegler's activities. On November 9, 1989, Customs issued Ziegler a Notice of Penalty seeking $5,926,801 for ninety-eight entries of nuts and bolts between June 1983 and April 1988.

When Ziegler did not pay this penalty, Customs referred the case to the Department of Justice for civil enforcement. On March 15, 1993, the Government filed the present civil penalty case in the Court of International Trade under 19 U.S.C. § 1592.

At the outset of this suit, the Government attempted to serve Ziegler by mailing to Matthew Yackshaw a copy of the complaint, together with a summons and CIT Form 14, entitled "Acknowledgment of Receipt of Summons and Complaint" (Acknowledgment Form). Mr. Yackshaw is Ziegler's attorney. On April 5, 1993, Mr. Yackshaw returned the Acknowledgment Form, which he signed in his capacity as "Attorney for Defendant," along with an answer. The answer asserted, *inter alia,* affirmative defenses eight and nine—specifically, the court lacks personal jurisdiction over Ziegler and the complaint was barred because of insufficient service of process.

Over the next twenty-two months, Ziegler defended itself before the trial court. Among other things, Ziegler served interrogatories and document requests, deposed Customs agents, and filed motions to compel discovery. Ziegler also filed a motion for summary judgment, which the trial court denied. Mr. Yackshaw represented Ziegler throughout these proceedings. At no point during this period did Ziegler raise the issue of insufficient service.

On January 20, 1995, the parties filed a proposed pretrial order in which Ziegler stated its intention to prove the lack of personal jurisdiction due to inadequate service of process. This statement prompted the trial judge to invite briefing on the issue. Ziegler filed a motion to quash service of process and dismiss the Government's complaint for lack of personal jurisdiction.

The trial court granted Ziegler's motion and dismissed the case. In doing so, the trial court rejected the Government's arguments that Mr. Yackshaw was implicitly authorized to accept service for Ziegler and that Ziegler had waived its right to object to improper service by affirmatively participating in the case for almost two years. The Government appeals from this dismissal order.

## II.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). The Rules of the Court of International Trade (CIT Rules) dictate those procedural requirements for this case.*

■ Because the trial court decided Ziegler's motion without an evidentiary hearing, the Government had only to make a *prima facie* case of proper service in order to survive the motion. *See, e.g., Mylan Lab., Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir.1993); *Delong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir. 1988); *see also* 2A James W. Moore, *Moore's Federal Practice* ¶ 12.07[2.-2], at 12–70 (2d ed. 1996) ("If the district court chooses not to hold an evidentiary hearing, then the party asserting jurisdiction need only make a prima facie showing that jurisdiction exists...."). Thus, the first question before this court for *de novo* review, *see Mylan Lab.,* 2 F.3d at 60, is whether the Government made a *prima facie* showing of proper service under the CIT Rules.

■ CIT Rule 4(c)(1)(C)(ii) authorizes service "by mailing a copy of the summons and complaint by first-class mail, postage pre-

---

* The Court of International Trade amended its Rules on October 5, 1994, with changes effective January 1, 1995. In resolving the present dispute, the trial court properly applied the old CIT Rules in effect at the time that the Government attempted service. *See, e.g., Diaz v. Shallbetter,* 984 F.2d 850, 852 (7th Cir.1993) (changes in Federal Rules of Civil Procedure do not apply to pending cases unless the changes are specifically made retroactive); *Hunt v. Department of the Air Force,* 787 F.Supp. 197, 199 (M.D.Fla.1992) (adequacy of process judged by rules at time of attempted service), *aff'd,* 29 F.3d 583 (11th Cir. 1994). Further, because the CIT Rules on service of process are substantially similar to their counterparts in the Federal Rules of Civil Procedure (prior to April 22, 1993 amendments), the trial court properly looked to decisions and commentary on the Federal Rules for guidance in interpreting the CIT Rules.

paid, to the person to be served, together with two copies of a notice and acknowledgment which shall be substantially in the form set forth in Form 14." CIT Rule 4(d)(3) instructs that the "person to be served" for a corporate defendant is "an officer, a managing or general agent, or ... any other agent authorized by appointment or by law to receive service."

The undisputed evidence shows that Mr. Yackshaw is neither an officer, nor a managing or general agent of Ziegler. Nor does the Government proffer any evidence to contradict Ziegler's affidavit evidence that Ziegler never expressly authorized Mr. Yackshaw to accept service of process. Instead, the Government argues that Mr. Yackshaw's authority to accept service was implicit in the circumstances of Mr. Yackshaw's relationship to Ziegler.

■ An agent's authority to accept service may be implied in fact. *See, e.g., Gibbs v. Hawaiian Eugenia Corp.*, 581 F.Supp. 1269, 1271 (S.D.N.Y.1984); *see also 2 Moore's Federal Practice* ¶ 4.10[4], at 4-173 to 4-174 ("The agency for the receipt of process may be implied from the surrounding circumstances."); 4A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1097, at 84-85 (2d ed. 1987) ("[A]lthough authority to accept process need not be explicit, it must either be express or implied from the type of relationship between defendant and the alleged agent."); 1 Robert C. Casad, *Jurisdiction in Civil Action* § 3.01[2][b], at 3-12 to 3-13 (1991) ("Some cases have found actual appointment in the absence of any express grant of authority, however, by resort to the doctrine of apparent authority or agency by estoppel."). A party, however, cannot fabricate such implied authority from whole cloth to cure a deficient service, but must present facts and circumstances showing the proper relationship between the defendant and its alleged agent. *See 2 Moore's Federal Practice* ¶ 4.10[4], at 4-174 to 4-175 ("[T]he mere appointment of an agent, even with broad authority, is not enough; it must be shown that the agent had specific authority, express or implied, for the receipt of service of process."). In this case, the Government can point to no aspect of the relationship between Ziegler and Mr. Yackshaw that implies the latter's authority to accept service.

■■ The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. *See, e.g., Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir.1990); *Ransom v. Brennan*, 437 F.2d 513, 518-19 (5th Cir.1971); *United States v. General Int'l Mktg. Group*, 742 F.Supp. 1173, 1177 (Ct. Int'l Trade 1990); *see also* 4A *Wright & Miller* § 1097, at 85-86 ("[D]efendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place."). Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service. *See, e.g., Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir.1990) (no basis for inferring that client had authorized its attorney to accept service); *Schultz v. Schultz*, 436 F.2d 635, 639-40 (7th Cir. 1971) (general grant of authority to attorney is not enough to imply authority to receive process). Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.

In this case, the Government has shown, at most, that Mr. Yackshaw had broad powers to represent Ziegler throughout the course of Customs' administrative proceedings. As the trial court properly concluded, this evidence is insufficient to show that Ziegler had empowered Mr. Yackshaw to receive service in the current action. *See, e.g., Royal Swan Navigation Co. v. Global Container Lines, Ltd.*, 868 F.Supp. 599, 602 (S.D.N.Y.1994) (attorney appointed to accept arbitration demands is not necessarily appointed to accept service of process); *J. & L. Parking Corp. v. United States*, 834 F.Supp. 99, 102 (S.D.N.Y. 1993) ("[A]n attorney does not become a client's agent for service of process simply because she represented the client in an earlier action."), *aff'd*, 23 F.3d 397 (2d Cir.1994).

■ Further, Mr. Yackshaw's execution of the Acknowledgment Form is insufficient

to imply his authority to accept service. First, the Government cannot show Mr. Yackshaw's alleged agency with reference to his actions alone. *See, e.g., Federal Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 175 (10th Cir.1992) ("An agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal)." (*quoting Pytlik v. Prof'l Resources Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989)); *United States v. Marple Community Record, Inc.,* 335 F.Supp. 95, 102 (E.D.Pa.1971) ("Obviously, something more than mere acceptance must be shown to demonstrate an agency relationship for this specific purpose [of accepting service]."); *see also 2 Moore's Federal Practice* ¶ 4.10[4], at 4–176 ("The agent's acceptance of service, or his own statement as to his authority, is insufficient, standing alone, to establish authorization to receive process."). Second, Mr. Yackshaw's mere act of signing the Acknowledgment Form does not evince an authority to accept service. Mr. Yackshaw merely declared that he "received a copy of the summons and complaint." *See* CIT Form 14. This declaration does not manifest consent to the form of service, but merely acknowledges physical receipt of the included papers. *See, e.g., Crocker Nat'l Bank v. Fox & Co.,* 103 F.R.D. 388, 391 n. 5 (S.D.N.Y.1984); *William B. May Co. v. Hyatt,* 98 F.R.D. 569, 570–71 (S.D.N.Y.1983) (construing old Federal Form 18–A, which was substantially similar to CIT Form 14); *see also 4A Wright & Miller* § 1092.1, at 59 ("Acknowledging receipt of service by mail does not waive defendant's right to challenge the sufficiency of service.").

In sum, the Government shows no evidence that Ziegler expressly or implicitly authorized Mr. Yackshaw to accept service. Thus, the trial court properly concluded that the Government did not establish a *prima facie* case of jurisdiction.

## III.

Ziegler timely objected to the deficiency in jurisdiction by asserting affirmative defenses eight and nine in its answer. The only remaining question, therefore, is whether Ziegler, by its affirmative participation in the trial court's proceedings, waived its right to seek dismissal based on these defenses.

■ CIT Rules 12(g) and 12(h) provide for waiver of the defenses of inadequate service and personal jurisdiction if those defenses are omitted from the defendant's answer or omitted from a motion to dismiss under CIT Rule 12. Ziegler complied with the express terms of these rules by including affirmative defenses eight and nine in its answer. The Government concedes that Ziegler did not waive its defenses under the express terms of these rules. However, the inquiry does not end there. A defendant may waive such affirmative defenses by actively litigating the suit, even where the defenses are properly included in the defendant's answer. *See, e.g., Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990); *Continental Bank N.A. v. Meyer,* 10 F.3d 1293, 1296–97 (7th Cir.1993); *United States v. B.B.S. Elecs. Int'l, Inc.,* 622 F.Supp. 1089, 1092–94 (Ct. Int'l Trade 1985); *see also 5A Wright & Miller* § 1391, at 250 (1996 Supp.) ("[A] party can be held to have waived a Rule 12(h)(1) defense through conduct, such as extensive participation in the litigation of the merits, even if the literal requirements of Rule 12(h)(1) have been met.").

■ In this case, the trial court recognized the possibility of waiver and analyzed the facts to discern whether waiver had occurred. While this court reviews the *prima facie* existence of personal jurisdiction *de novo,* it applies a different standard for review of an alleged waiver. This court places waiver within the discretion of the trial court, consistent with its broad duties in managing the conduct of cases pending before it. *Cf. Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–46, 111 S.Ct. 2123, 2132–34, 115 L.Ed.2d 27 (1991) (discussing inherent powers of federal courts to govern conduct in suits pending before them); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (trial court has inherent authority to dismiss a plaintiff's action for failure to prosecute); *Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). On appeal, this court defers to the judgment of the trial court on such matters closely associated with the standard functions of the adjudicative process, so long as that judgment is not an abuse of the trial court's discretion. *Cf. Chambers,* 501 U.S. at 55, 111 S.Ct. at 2138. Accordingly, this court reviews the trial court's decision on the waiver issue for an abuse of discretion. *See Trustees of Cent. Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 733 (7th Cir.1991) (affirming trial court's finding of waiver where the "record amply supports" that finding); *cf. Wei v. Hawaii,* 763 F.2d 370, 371 (9th Cir.1985) (reviewing trial court's decision on whether "good cause" existed to allow service of process after the 120-day limit for abuse of discretion).

 The trial court's opinion on the issue of waiver reflects a careful analysis of the circumstances of Ziegler's participation in the litigation and the fairness of allowing Ziegler to raise its defenses at an advanced stage of litigation. The trial court recognized the importance of Ziegler's assertion of its defenses in its answer. As the trial court noted, this early notice provided the Government with ample opportunity to investigate the basis of Ziegler's defenses and cure any defect. *See* CIT Rule 4(h) (allowing plaintiff 120 days in which to make proper service of process). *Compare Santos,* 902 F.2d at 1095–96 (defendant's answer baldly alleged the absence of personal jurisdiction; it did not inform plaintiff of defendant's contention that service of process was inadequate). As the trial court noted, the Government chose to ignore Ziegler's pleadings at its own peril.

 Further, the trial court rejected the Government's argument that Ziegler's failure to include its inadequate service defense in its summary judgment motion precluded Ziegler from thereafter raising that defense. CIT Rule 12(g) provides that a party waives any CIT Rule 12 defenses (including lack of personal jurisdiction and insufficient service of process) that it omits from a motion seeking dismissal under CIT Rule 12. Summary judgment under CIT Rule 56, however, does not trigger this formal waiver rule for CIT Rule 12 defenses. A summary judgment motion may, in some cases, bar a defendant from later raising an issue of inadequate process, *see* 5A *Wright & Miller* § 1387, at 734 ("[A]t least one court has recognized that the spirit of Rule 12(g) is violated when a motion challenging service of process is filed after a summary judgment motion was made."), but no factors exist to compel that result in this case. As the trial court noted, Ziegler's summary judgment motion bore no relationship to its inadequate service of process defense. This distinction supports the trial court's determination that Ziegler's failure to raise its inadequate process defense in its summary judgment motion did not waive its CIT Rule 12 defense.

Viewing the record as a whole, this court cannot conclude that the trial court abused its discretion in allowing Ziegler to challenge personal jurisdiction at an advanced stage of the case. Because that challenge revealed a defect in the Government's service of process, the trial court properly dismissed the action.

## COSTS

Each party shall bear its own costs.

*AFFIRMED.*