Andrea BROWN, Plaintiff,

v.

**BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, Defendant.**

No. 1:03CV01085.

United States District Court, M.D. North Carolina.

Aug. 18, 2004.

Annette Henri–Etta Exum, The Exum Law Group, Raleigh, NC, for Plaintiff.

Thomas A. Farr, Haynsworth Baldwin Johnson & Greaves, LLC, Cary, NC, for Defendant.

MEMORANDUM OPINION

TILLEY, Chief Judge.

Plaintiff Andrea Brown filed this employment discrimination action against Defendant Blue Cross and Blue Shield of North Carolina ("BCBSNC") on November 20, 2003.

The case is currently before the Court on BCBSNC's Motion to Dismiss for Failure to Effect Service of Process. [Doc. # 5]. For the reasons set forth below, Defendant's Motion will be GRANTED and this case will be DISMISSED WITHOUT PREJUDICE.

## I.

Andrea Brown is an African–American female over the age of forty who formerly worked for Defendant BCBSNC. Ms. Brown filed a complaint with the Equal Employment Opportunity Commission ("EEOC") sometime during the year 2003, alleging that BCBSNC discriminated against her on the basis of her age and race. The EEOC mailed Ms. Brown a "Dismissal and Notice of Rights" dated August 18, 2003, which she received on or about August 23, 2003.

Ms. Brown filed this action on November 20, 2003, eighty-nine days after receipt of the EEOC notice. However, she did not mail a copy of the summons and Complaint to BCBSNC until March 18, 2004, 119 days after she filed the Complaint. The Complaint arrived at the office of BCBSNC's corporate counsel via Federal Express on March 19, 2004. A security officer on duty in the building signed for the summons, which was addressed to "P. Hatfield, Senior Counsel, BCBS of NC." Patricia Hatfield is employed as Managing Senior Counsel for BCBSNC, but is not the registered agent for the company. Instead, BCBSNC's registered agent is Ms. Hatfield's supervisor, J. Bradley Wilson.[1] Mr. Wilson is BCBSNC's Senior Vice President, General Counsel, and Secretary.

Although the security officer, Chassidy Wells, signed for the package at approximately 2 p.m. on Friday, March 19, 2004, Ms. Hatfield did not receive the package until Monday, March 22, 2004, 123 days after the Complaint was filed. BCBSNC answered the Complaint on April 6, 2004, raising the defense of improper service. BCBSNC later filed a Motion to Dismiss, arguing that it had not been properly served within 120 days as required by the Federal Rules of Civil Procedure.

## II.

■ As an initial matter, Ms. Brown failed to timely respond to BCBSNC's Motion to Dismiss, which was filed on April 13, 2004. The Clerk of Court mailed a letter to Ms. Brown on May 24, 2004, explaining that no response had been received and that the motion would be treated as unopposed unless excusable neglect could be shown. [Doc. # 8]. Although counsel for Ms. Brown verbally informed the Clerk's Office that she would be sending a response and explanation for the delay, neither document has been received as of the date of this Memorandum Opinion.[2]

A party who fails to file a timely response to a pending motion waives the right to later file that response unless she is able to show excusable neglect. Local Rule 7.3(k). Where no excusable neglect is shown, the motion will be treated as uncontested and may be granted without further notice. *Id.* In the instant case, no explanation has been proffered for Ms. Brown's failure to respond. Accordingly, the Motion to Dismiss will be deemed uncontested. While this uncontested motion could be granted without further notice, in the interest of justice, the merits of the motion will be addressed below.

## III.

■ Rule 4(m) of the Federal Rules of Civil Procedure provides that service of a summons and complaint must be made within 120 days of the filing of the complaint. If service is not completed within that time, and the plaintiff has not shown good cause why he or she failed to effect service, the district court "shall dismiss the action without prejudice . . . or direct that service be effected

---

1. This information is available on the North Carolina Secretary of State's website. *See* http://www.secretary.state.nc.us.

2. The Court also has some difficulty with counsel's explanation that she came to Greensboro with the papers in hand, but elected not to file them because the person with whom she had spoken on the telephone was not present that day.

within a specific time." Fed.R.Civ.P. 4(m); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir.1993).

The proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed.R.Civ.P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing[3] a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to be in charge of that person's office, or to the person authorized to accept service for the corporation. N.C. R. Civ. P. 4(j)(6).

■ Ms. Brown failed to properly serve her Complaint within 120 days as required by the Federal Rules of Civil Procedure. Ms. Brown served Ms. Hatfield, an employee of BCBSNC, instead of the company's registered agent,[4] officer or director. Likewise, the person accepting delivery of the summons and Complaint did not appear to be someone in charge of the office of one of BCBSNC's officers, directors or managing agents. Instead, the person accepting delivery was a contract security officer for the building. Although BCBSNC's registered agent did eventually receive notice of the lawsuit, he did not receive notice within the 120–day period.

■ Ms. Brown has not only failed to timely effect service on BCBSNC, but she has failed to show good cause for her delay in effecting service. Indeed, Ms. Brown has failed to file any response to BCBSNC's Motion to Dismiss. As the Fourth Circuit has said, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the ser-

vice of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, BCBSNC's Motion to Dismiss will be GRANTED, and this case will be DISMISSED WITHOUT PREJUDICE.

### JUDGMENT

For the reasons set forth in a contemporaneously filed Memorandum Opinion, Defendant's Motion to Dismiss for Failure to Effect Service of Process [Doc. # 5] is GRANTED. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

---

3. Mailing includes the use of registered or certified mail, return receipt requested, as well as the use of a designated delivery service to deliver the summons and complaint to the addressee.

4. "The mere relationship between a defendant and his attorney does not, in itself, convey au-

thority to accept service .... Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir.1997) (citations omitted).