NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1206

JULIAN VARGAS,

Plaintiff-Appellant,

v.

UNITED STATES

Defendant-Appellee.

_____

DECIDED: February 23, 2005

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

ARCHER, Senior Circuit Judge.

Julian Vargas ("Vargas") appeals the denial by the United States District Court for the Eastern District of Washington of his motion to transfer this case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. Vargas v. United States, No. CS-01-0064-WFN (E.D. Wash., July 15, 2003) ("Order"). We conclude that the district court has subject matter jurisdiction over Vargas's non-tort claims under the Little Tucker Act, because Vargas unequivocally waived recovery in excess of $10,000 for those claims and cannot now repudiate that waiver. Accordingly, the judgment of the district court is affirmed.

Vargas filed a complaint in district court pursuant to the Federal Tort Claims Act ("FTCA") alleging negligence against the United States for damage to his property

resulting from an earthen dam break. The court granted Vargas leave to file a second amended complaint asserting three causes of action: (1) a claim under the FTCA; (2) a claim for a taking under the Fifth Amendment; and (3) a claim of breach of trust. The district court later dismissed Vargas's FTCA claim, leaving only the non-tort Little Tucker Act claims. <u>Vargas v. United States</u>, No. CS-01-0064-WFN (E.D. Wash., Jan. 23, 2003). Additionally, the court noted that the limitation on recovery of these claims was $10,000. <u>Id.</u> at 9-10. Several months later, Vargas filed a motion to transfer these claims to the Court of Federal Claims. The district court denied this motion based on its finding that Vargas had previously waived any recovery greater than $10,000 on his non-tort claims and that Vargas could not repudiate this waiver.

Vargas now appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1292(d)(4)(A).

We review a district court's decision whether to transfer a case to the Court of Federal Claims for lack of subject matter jurisdiction <u>de</u> <u>novo</u>, because it is jurisdictional. <u>See</u> <u>James v. Caldera</u>, 159 F.3d 573, 578 (Fed. Cir. 1998). However, we review the trial court's decision on the waiver issue for an abuse of discretion. <u>United States v. Ziegler Bolt and Parts Co.</u>, 111 F.3d 878, 883 (Fed. Cir. 1997).

Vargas's waiver of any recovery greater than $10,000 with respect to his non-tort claims is clear. Indeed, in his motion to transfer Vargas states that he wishes to repudiate his waiver:

> The damages corresponding to the taking claim under the Fifth Amendment and the cause of action for violation of the trust duty based on the Indian Trust doctrine far exceed the Little Tucker Act Jurisdictional amount. <u>Plaintiff is no longer waiving his right to recover damages in excess of $10,000 for these claims</u> since his tort claim has been dismissed.

04-1206                                                        2

(emphasis added). As such, Vargas has admitted that he waived his right to recover damages greater than $10,000 for his non-tort claims. Additionally, we agree with the district court that Vargas's waiver "was clearly expressed and was memorialized in numerous Court Orders." Order at 5.

Finally, we cannot say that the district court abused its discretion in determining that repudiation of Vargas's waiver was impermissible. As noted by the district court, in deciding on the government's motion to dismiss Vargas's takings claims, the court denied the government's motion based entirely on Vargas's waiver of recovery of damages in excess of $10,000, see Vargas v. United States, No. CS-01-0064-WFN (E.D. Wash., May 17, 2002), and litigation in this case proceeded for more than a year. Order at 5. Vargas elected to waive any recovery greater than $10,000 for his non-tort claims, and, in return, he was given the opportunity to litigate in the district court. It was only after the district court dismissed the FTCA claims that Vargas sought to withdraw the waiver. As the district court stated "[t]he waiver may not be disclaimed because the Plaintiff experienced an adverse ruling." Id. We conclude that the district court did not abuse its discretion in refusing to permit Vargas to undo this choice simply because he did not like the result of the litigation.

Accordingly, because the district court has subject matter jurisdiction over this action due to Vargas's waiver, transfer to the Court of Federal Claims is not permitted. Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001) (explaining that transfer under 28 U.S.C. § 1631 is appropriate if three conditions are met: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interests of justice").