Slip Op. 09-49

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>SCOTIA PHARMACEUTICALS LIMITED, CALLANISH LTD., and QUANTANOVA, CANADA, LTD.,<br><br>Defendants. | Before:  Timothy C. Stanceu, Judge<br><br>Court No. 03-00658 |

## OPINION AND ORDER

[Denying plaintiff's application for a judgment by default against defendant Callanish Ltd. in the amount of $17,734,926, providing plaintiff with leave to amend the complaint as to Callanish Ltd., and granting plaintiff's request for dismissal as to defendants Scotia Pharmaceuticals Limited and Quantanova, Canada, Ltd.]

Dated: May 20, 2009

*Michael F. Hertz*, Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Domenique Kirchner*); *Kevin B. Marsh*, Bureau of Customs and Border Protection, of counsel, for plaintiff.

Stanceu, Judge: Plaintiff United States brought this action under Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1988), against defendants Scotia Pharmaceuticals Limited ("Scotia Pharmaceuticals"), Callanish Ltd. ("Callanish"), and Quantanova, Canada, Ltd. ("Quantanova") on September 16, 2003.  The government sought to recover a civil penalty for alleged violations of § 1592 by defendants arising out of fifty-three consumption entries of merchandise, made between September 1, 1988 and March 24, 1992, that the government alleged to have been capsules of "evening primrose oil," a substance used as a food additive that could

not be imported lawfully at the time of the entries at issue. Of the three defendants, all of which are located outside of the United States, plaintiff successfully effected service of process only upon Callanish. Pl.'s Req. for Entry of Default 1. Because Callanish failed to appear by licensed counsel and failed to plead or otherwise defend itself within twenty days of being served with the summons and complaint, the Clerk of this Court, pursuant to USCIT Rules 12 and 55, entered Callanish's default. Entry of Default 1.

On May 8, 2008, plaintiff applied for a judgment by default against Callanish in the amount of $17,734,926 pursuant to USCIT Rule 55(b). Pl.'s Req. for Default J. as to Callanish Ltd. 1-2 ("Pl.'s Req. for Default J."). The government requested dismissal of defendants Scotia Pharmaceuticals and Quantanova because of its inability to effect service of process on those defendants. *Id*. at 1. Plaintiff did not submit, in support of its application for judgment by default, a complete record of the administrative penalty proceedings that were conducted before the United States Customs Service[1] ("Customs") and that gave rise to this action. In October 2008, plaintiff supplemented its application with various documents related to those administrative proceedings and responded to certain questions the court earlier had raised concerning the application for judgment by default. Pl.'s Resp. to Court's Aug. 21, 2008 Req. for Additional Information.

Upon review of the complaint and plaintiff's application, the court holds that plaintiff has not established its entitlement to the judgment by default that it seeks against defendant Callanish

---

[1] The Customs Service since has been renamed as the Bureau of Customs and Border Protection. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 1502, 116 Stat. 2135, 2308-09 (2002); Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. No. 108-32, at 4 (2003).

for a civil penalty under 19 U.S.C. § 1592. The court, therefore, will deny plaintiff's application but will also allow plaintiff the opportunity to amend its complaint. Because plaintiff has not effected service upon defendants Scotia Pharmaceuticals and Quantanova, the court grants plaintiff's request to dismiss these defendants.

## I. BACKGROUND

Beginning on February 12, 1985, the Food and Drug Administration ("FDA") issued a series of import alerts announcing that evening primrose oil could not be sold lawfully in the United States without FDA approval, that this substance did not have FDA approval, and that all import shipments of evening primrose oil offered for entry into the United States were to be detained by Customs. Pl.'s Req. for Default J. 4. Plaintiff's complaint alleges that during the period of September 1, 1988 through March 24, 1992, defendants violated 19 U.S.C. § 1592 by participating in a fraudulent scheme to introduce evening primrose oil into the United States through various ports of entry by means of material false statements, documents, acts and/or material omissions and are jointly and severally liable for a civil penalty under § 1592. Compl. ¶¶ 6-9, 21-22. Plaintiff alleges that defendants, as part of this scheme, knowingly provided false invoices to "Health Products International and/or Pine Lawn Farms in order to conceal from Customs the identity of the merchandise being imported and the identity of the true parties to the transactions." *Id*. at ¶ 11.

Plaintiff's complaint does not allege the identity of the party who filed entry documents with Customs for the fifty-three entries allegedly used to import evening primrose oil. The complaint, however, does allege that the documents filed with respect to those entries were false in multiple respects. The complaint alleges, specifically, that: (1) the entry documentation falsely

described the merchandise as "edible capsules of vegetable oil" or "edible oil capsules with

alpha-tocopheryl," or used similar designations, and in several instances stated that the

merchandise was "for use [as] a vitamin supplement for cattle" or "not for human consumption,"

when in fact the merchandise was evening primrose oil intended for human consumption and

prohibited by the FDA as an unsafe food additive within the meaning of 21 U.S.C. §§ 342

and 348 (1988); (2) the buyers of the merchandise falsely were identified as "Genesis II of Mid

America, Inc." (on thirteen of the subject entries) and "Pine Lawn Farms, Inc." (on forty of the

entries) although the true buyer was "Health Products International;" (3) the sellers of the

merchandise falsely were identified as "Pineridge Ltd." (on thirteen of the entries), "B.V.

Handelmij Commelin," (on thirty-seven of the entries) and Callanish (on three of the entries),

when in fact the true seller was Efamol Limited ("Efamol") or its successor, Scotia

Pharmaceuticals; and (4) for thirty-seven of the consumption entries, the entry documents falsely

identified the country of origin as the Netherlands rather than the true origin, the United

Kingdom. *Id.* ¶¶ 12-15.

Customs conducted an administrative penalty proceeding under 19 U.S.C. § 1592(b)

against defendants prior to bringing this action. *See id.* ¶ 17. On or about August 18, 1997,

Customs issued pre-penalty notices to defendants or their predecessors in interest. *Id.* The pre-

penalty notices provided defendants with notice that Customs was considering a civil penalty

equal to the domestic value of the evening primrose oil, which Customs believed to include fifty-

three consumption entries, for a total domestic value of $18,019,436. *Id.* ¶¶ 17, 22. On or about

March 19, 2001, Customs issued to defendants or their predecessors in interest an administrative

penalty notice demanding a monetary penalty in the amount of $18,019,436. *Id.* ¶ 17. The

complaint alleges that defendants did not pay any part of the assessed penalty. *Id.* ¶ 18.

Plaintiff commenced this action on September 16, 2003. Summons 2. Because all three

defendants are located outside of the United States, plaintiff attempted to procure service upon

them pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents. *See* Pl.'s Status Report 1, Dec. 5, 2003. Plaintiff completed service of process upon

defendant Callanish on January 19, 2004 but was not able to procure service of process upon

Scotia Pharmaceuticals or Quantanova. Pl.'s Status Report 1, May 7, 2004.

On February 7, 2006, the United States filed Plaintiff's Request for Entry of Default,

requesting that default be entered against Callanish on the grounds that the company failed to

appear by licensed counsel and defend the allegations pleaded in the complaint. Default was

entered with respect to Callanish by the Clerk of the Court of International Trade on February 8,

2006 pursuant to USCIT Rules 12 and 55.[2] Entry of Default 1.

On May 8, 2008, the United States, pursuant to USCIT Rule 55(b),[3] applied for judgment

by default against Callanish for $17,734,926 "with prejudgment and post-judgment interest in the

amount established by 28 U.S.C. §§ 1961(a) & (b)." Pl.'s Req. for Default J. 1. In its application

---

[2] USCIT Rule 12 requires defendants other than the United States to file an answer within twenty days after being served with the summons and complaint. USCIT Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

[3] USCIT Rule 55(b) provides that if the defendant has failed to defend the complaint against it, and plaintiff's claim "is for a sum certain or for a sum which can be made certain by computation," then "the court - on the plaintiff's request with an affidavit showing the amount due must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

for a judgment by default, plaintiff argues that defendants violated 19 U.S.C. § 1592 because they

fraudulently

> entered, introduced, or attempted to enter or introduce, or aided or abetted another to enter or introduce or attempt to enter or introduce into the United States merchandise consisting of capsules of [evening primrose oil] under cover of 52 consumption entries filed at various ports of entry throughout the United States . . . by means of material and false acts, statements and/or omissions[.]

*Id*. at 5-6.  Although plaintiff's complaint alleged fifty-three fraudulent consumption entries,

Complaint ¶¶ 7, 22, plaintiff later "determined that one of the 53 entries listed in the Pre-Penalty

Notice, the Notice of Penalty, and plaintiff's complaint is a drawback entry."  Pl.'s Req. for

Default J. 7-8.  Plaintiff therefore reduced its claim from the $18,019,436 sought in the complaint

to $17,734,926, stating that it "seeks penalties for consumption entries, not drawback entries."

*Id*.

Plaintiff seeks a penalty equal to the domestic value of the evening primrose oil entered

on the fifty-two entries, $17,734,926, which is equivalent to the statutory maximum penalty for a

violation of 19 U.S.C. § 1592(c)(1) occurring as a result of fraud, plus pre-judgment and post-

judgment interest as provided by law.  *Id*. at 7-8.  Plaintiff also requests that defendants Scotia

Pharmaceuticals and Quantanova be dismissed because plaintiff has not been successful in

obtaining service upon these defendants.  *Id*. at 1.

## II.  DISCUSSION

The court first considers plaintiff's application for a judgment by default against

defendant Callanish.  When a party is found to be in default, the court must accept as true all

well-pled facts in the complaint except those pertaining to the amount of damages.  *Au Bon Pain*

*Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981).  An entry of default, however, is not

sufficient to entitle a party to the relief it seeks. *See Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment."). Even after an entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998); *see also Nishimatsu Const. Co.,* 515 F.2d at 1206-08 (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co.*, 515 F.2d at 1206. Accordingly, the court must decide whether the well-pled facts asserted by plaintiff in its complaint, and deemed to be admitted by Callanish as a result of the entry of default, are sufficient to establish liability for a violation of 19 U.S.C. § 1592 that is grounded in fraud.[4]

Under § 1592(a)(1)(A), it is unlawful for any person to enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of material and false documents, statements, or acts or material omissions, whether by fraud, gross negligence, or negligence. 19 U.S.C. § 1592(a)(1)(A)(i)-(ii). The statute also prohibits the aiding and abetting of another to commit a violation of § 1592(a)(1)(A). *Id.* § 1592(a)(1)(B). Thus, to plead a violation of § 1592(a)(1)(A) by Callanish, whether based on fraud or a lesser level of culpability, the complaint must allege facts that allow the court to conclude that Callanish entered, introduced, or attempted to enter or introduce merchandise into the commerce

---

[4] Plaintiff's complaint contains only one exhibit, a list of the fifty-three entry numbers, with filer codes and the dates of entry. The complaint does not incorporate any other document by reference or otherwise. *See* Compl. Ex. A.

of the United States by means of material and false documents, statements, acts, or omissions. *Id*. § 1592(a)(1)(A)(i)-(ii). To plead that Callanish is liable under § 1592(a)(1)(B), the complaint must allege facts under which the court could conclude that Callanish aided and abetted another to violate § 1592(a)(1)(A). *Id.* § 1592(a)(1), (e)(2).

Although the general pleading standard stated in USCIT Rule 8(a) requires that the complaint provide only "a short and plain statement of the claim showing that the pleader is entitled to relief," the Court's rules state a heightened pleading standard for fraud claims. USCIT Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud." The reference to "circumstances" in the analogous Federal Rule of Civil Procedure 9(b) is to "matters such as time, place, and contents of the false representations or omissions, as well as the identity of the person making the misrepresentation or failing to make a complete disclosure and what the defendant obtained thereby." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297, at 74 (3d ed. 2004).

The heightened pleading standard of Rule 9(b), however, has not been held invariably to apply where a defendant does not raise a Rule 9(b) objection in response to the pleadings. *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 9.03[5] (3d ed. 2008) ("If the failure to plead with particularity under Rule 9(b) is not raised in the first responsive pleading or in an early motion, the issue will be deemed waived."); *see also Todaro v. Orbit Int'l Travel, Ltd.*, 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991) ("'The specificity requirements of [Rule 9(b)] have been imposed to ensure that a defendant is apprised of the fraud claimed in a manner sufficient to permit the framing of an adequate responsive pleading. A party who fails to raise a 9(b) objection normally waives the requirement.'" (quoting *United Nat'l Records, Inc. v. MCA, Inc.*,

609 F. Supp. 33, 39 (N.D. Ill. 1984))); *but see Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (reversing entry of judgment by default on plaintiff's claim for violation of the Racketeer Influenced and Corrupt Practices Act, 18 U.S.C. § 1964(c) (1982), based on mail and wire fraud because the complaint failed to meet the particularity requirements of Rule 9(b)).  Nevertheless, the court need not decide, for the purposes of ruling on plaintiff's application, whether a party seeking a judgment by default on a fraud claim must plead with particularity the circumstances constituting fraud.  The court concludes that plaintiff's complaint, even when not judged according to a heightened standard of pleading, fails to allege facts or omissions by Callanish that, if presumed to be true, would constitute a violation of § 1592 that was committed by fraud.

The complaint mentions Callanish by name in making two factual allegations.  The first allegation, that Callanish is a "British corporation with its business address at Breasclete, Isle of Lewis, Scotland, United Kingdom," states nothing of substance relevant to the issue of liability of Callanish under § 1592.  *See* Compl. ¶ 4.  The second allegation, that Callanish was falsely identified as the seller of the merchandise in documents submitted in conjunction with three of the subject entries, fails to attribute to Callanish an act or omission punishable under § 1592.  *See id*. ¶ 14.  The remaining allegations in the complaint refer to the "defendants" only collectively.  *See id.* ¶¶ 6, 7, 9, 11, 17, 18, 19, 21, 22.

Paragraph six alleges that each of the three defendants are related entities that "jointly and separately" participated in a scheme to introduce evening primrose oil into the commerce of the United States at a time when its importation was prohibited.  *Id.* ¶ 6.  This allegation, although informing the court that Callanish was associated with the alleged scheme, makes no allegation

as to what Callanish did in furtherance of the scheme and fails to link Callanish to any of the fifty-two entries, even though plaintiff seeks to recover a civil penalty against Callanish based on the total domestic value of the merchandise on all of those entries.

Paragraph eleven alleges that "defendants knowingly provided false invoices to Health Products International and/or Pine Lawn Farms in order to conceal from Customs the identity of the merchandise being imported and the identity of the true parties to the transactions." *Id.* ¶ 11. This allegation appears to be related to paragraph thirteen, which alleges that the entry documentation falsely informed Customs that Pine Lawn Farms was the buyer even though the true buyer of the imported merchandise was Health Products International. *Id.* ¶ 13. The court reasonably may infer from these allegations that Callanish had some role in a false invoicing scheme. However, in addressing all three defendants collectively, paragraph eleven, even when construed with paragraph thirteen, fails to attribute any specific act or omission to Callanish and fails to relate that act or omission to the fifty-two entries on which Customs seeks a penalty. Paragraph thirteen adds, vaguely, that "[t]hese false statements had the potential to affect Customs' processing of merchandise and to impact Customs' operations." *Id.* Even more perplexing is the next sentence in the paragraph: "It is necessary for Customs to determine the true buyers for purposes of valuation." *Id.* These two sentences do not appear to be directed to the central allegation made by the remainder of the complaint–that all three defendants are liable for a penalty because the entry documentation falsely and fraudulently described the merchandise, which was prohibited from importation, as something other than evening primrose oil. Paragraph eleven of the complaint, even when construed with paragraph thirteen and the remainder of the complaint, fails to plead facts under which Callanish would be liable for a civil

penalty under § 1592 based on fraud that occurred with respect to any, or all, of the fifty-two consumption entries at issue.

Paragraphs seven, nine, and twenty-one of the complaint address the central allegation in the complaint but do not cure the defect that exists in the pleading as a whole with respect to Callanish. In these paragraphs, plaintiffs allege, in effect, that "defendants entered, introduced, or attempted to enter or introduce, or aided or abetted another to enter or introduce or attempt to enter or introduce" evening primrose oil into the United States under cover of fifty-two consumption entries. *Id.* ¶ 7; *see also* Compl. ¶¶ 9, 21. The allegations in these paragraphs are nothing more than a formulaic recitation of the elements of a cause of action under 19 U.S.C. § 1592(a)(1)(A) and (B). Even though "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. __, Slip. Op. 07-1015, at 13-14 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). These paragraphs do not attribute to Callanish an act or omission that affected any specific entry among the fifty-two entries on which plaintiff seeks a civil penalty. Moreover, the actions defendants are alleged to have taken in paragraphs seven, nine, and twenty-one are pled in the alternative. According to the facts as alleged, Callanish could have entered, *or* attempted to enter, *or* aided and abetted another to enter, *or* aided and abetted another to attempt to enter, evening primrose oil into the United States. No person is identified as the person whom Callanish may have aided and abetted. Plaintiff's allegations, taken together, require the court to speculate as to what Callanish is being alleged to have done. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (defining well-pled facts as those that are

"plausible, non-conclusory and *non-speculative*" (citing *Twombly*, 127 S. Ct. at 1964-65

(emphasis added))).

Similarly, the remaining paragraphs of the complaint, *i.e.*, paragraphs seventeen, eighteen,

nineteen, and twenty-two, do not add factual allegations sufficient to plead a valid cause of action

under § 1592 with respect to Callanish.  *See* Compl. ¶¶ 17-19, 22.  Paragraphs seventeen and

eighteen refer to the administrative penalty proceeding conducted by Customs.  *See id.* ¶¶ 17-18.

Paragraph nineteen describes defendants' waivers of the statute of limitations.  *Id.* ¶ 19.

Paragraph twenty-two is a statement of a legal conclusion alleging that all three defendants, "[b]y

reason of the fraud referred to above," are jointly and severally liable pursuant to 19 U.S.C.

§ 1592(c)(1) for a civil penalty set at the domestic value of all the imported merchandise on the

subject entries.  *Id.* ¶ 22.

In summary, the complaint is deficient as a whole because, first, it fails to attribute to

Callanish any material and false statement or act, or any material omission, related to the entry or

introduction, or attempted entry or introduction, of merchandise into the United States on any of

the fifty-two entries, such that the court could conclude, upon presuming all well-pled facts to be

true, that Callanish is liable for a civil penalty under 19 U.S.C. § 1592(a)(1)(A).  *See* 19 U.S.C.

§ 1592(a)(1)(A).  Second, the complaint does not allege, for purposes of § 1592(a)(1)(B), that

Callanish, specifically, aided and abetted any person to commit specific acts or omissions that are

within the scope of the conduct made unlawful by § 1592(a)(1)(A) with respect to any or all of

those entries.  19 U.S.C. § 1592(a)(1)(A), (B).  For all of these reasons, the court must deny

plaintiff's application for judgment by default against Callanish.

The court also considers plaintiff's request for dismissal of defendants Scotia Pharmaceuticals and Quantanova. *See* Pl.'s Req. for Default J. 1. Without satisfaction of the procedural requirements of service of process, a federal court may not exercise personal jurisdiction over a defendant. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997). Because it has been informed of plaintiff's inability to obtain service of the complaint on Scotia Pharmaceuticals and Quantanova, the action as to Scotia Pharmaceuticals and Quantanova will be dismissed.

Plaintiff has the opportunity to amend its complaint as to defendant Callanish. *See Nishimatsu Const. Co.*, 515 F.2d at 1208 (concluding that plaintiff's complaint was insufficient to support a default judgment on plaintiff's contract claim against the defendant, vacating the relevant portion of the default judgment entered by the district court, and remanding with instructions to allow plaintiff to amend its complaint to state a claim against the defendant). Allowing plaintiff an opportunity to amend its complaint is particularly appropriate here because plaintiff, under Rule 15(a)(1)(A), may amend its pleading once as a matter of course before being served with a responsive pleading. USCIT Rule 15(a)(1)(A). Due to the default of defendant Callanish, no responsive pleading within the meaning of USCIT Rule 15(a)(1)(A) has been filed. Plaintiff is allowed sixty days in which to file an amended complaint.

### III. Conclusion and Order

From its review of the complaint and of plaintiff's application for judgment by default, the court concludes that plaintiff has not established its entitlement to a judgment by default

against defendant Callanish for a civil penalty under 19 U.S.C. § 1592. Upon consideration of all

papers and proceedings herein, it is hereby

      **ORDERED** that plaintiff's application for judgment by default against defendant Callanish be, and hereby is, DENIED; it is further

      **ORDERED** that plaintiff shall have sixty days from the date of this Opinion and Order in which to file an amended complaint pursuant to USCIT Rule 15(a)(1)(A); it is further

      **ORDERED** that should plaintiff fail to file an amended complaint within sixty days of the date of this Opinion and Order, plaintiff, upon entry of a further order, shall be required to show cause why a judgment should not be entered dismissing this action; it is further

      **ORDERED** that plaintiff's request with respect to defendants Scotia Pharmaceuticals and Quantanova be, and hereby is, GRANTED; and it is further

      **ORDERED** that the action as to Scotia Pharmaceuticals and Quantanova will be dismissed.

                    /s/ Timothy C. Stanceu
                    Timothy C. Stanceu
                    Judge

Dated: May 20, 2009
      New York, New York