Wellford v. Eissmann, No. 747-10-09 Wrcv (Eaton, J., Mar. 9, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WINDSOR COUNTY

| | |
|---|---|
| Daniel Wellford<br> Plaintiff<br><br>v.<br><br>Paula Eissmann<br> Defendant | WINDSOR SUPERIOR COURT<br>Docket No. 747-10-09 Wrcv |

DECISION ON PENDING MOTIONS

The central allegation in this case is that defendant Paula Eissmann wrongfully removed all of the funds from a joint bank account she once held with her former romantic partner. The current pretrial issues are whether the *ex parte* writ of attachment should be dissolved and whether the complaint should be dismissed for insufficient service of process.

The facts relevant to the *ex parte* writ of attachment are as follows. Plaintiff Daniel Wellford was in a romantic relationship with defendant for 25 years. In 2008, he inherited money from his mother and placed some of it in a Pennsylvania bank account. He added defendant's name to the bank account as a joint tenant with a right of survivorship.

The relationship ended in 2009. Defendant then withdrew all of the money from the joint bank account—more than $250,000—and placed it in her own account. Plaintiff alleges that this act amounted to conversion, and that all of the money belonged to him as a matter of Pennsylvania law since he was the sole contributor to the account. See 20 Pa. C.S.A. § 6303 (explaining that "[a] joint account belongs, during the lifetime of the parties, to the parties in proportion to the net contributions by each to the sum on deposit, unless there is clear and convincing evidence of a different intent").

Plaintiff sought—and the court granted—an *ex parte* writ of attachment at the time he filed the complaint. Service of the trustee summons resulted in the pretrial attachment of about $37,000 in funds at a local bank.

Defendant thereafter filed a motion to dissolve the attachment along with an answer and a counterclaim. She asserted in her answer that the money had been a gift to her and that she had every right to withdraw the funds from the joint account. She also disputed whether Pennsylvania law applied to the account.

A hearing was held on the motion to dissolve the attachment on January 12, 2010. Neither party offered any testimony at the hearing despite being offered the opportunity to do so. Indeed, the only exhibit that was actually admitted at the hearing was an affidavit from Ms. Eissmann that details some of the account history. Attached to the affidavit are bank records showing that some withdrawals were made by Ms. Eissmann prior to the liquidation of the account.

Plaintiff was not present at the hearing. His attorney offered an affidavit that purportedly contained plaintiff's testimony, but it was not admitted into evidence because it was not signed. The documents relevant to the creation of the joint bank account were liberally referenced by the attorneys but were not admitted into evidence.

On a motion to dissolve a writ of attachment, it is the plaintiff who bears the burden of justifying continuance of the writ by demonstrating a "reasonable likelihood" that he will recover judgment in an amount equal to or greater than the amount of the attachment. The finding of a "reasonable likelihood" of success on the merits is "intended to be a realistic conclusion by the court on the basis of affidavits and other evidence presented at the hearing as to the actual probability of recovery by the plaintiff." V.R.C.P. 4.1, Reporter's Notes— 1973 Amendment.

In making its determination, the court considers the affirmative defenses and any modifying evidence offered by the defendant because the granting of the writ "require[s] more than a mere finding that plaintiff makes out a prima facie case or that there is probable ground to support plaintiff's claim." *Id.* These standards are consistent with the view that prejudgment writs of attachment are extraordinary remedies, not lightly to be given. *Brastex Corp. v. Allen International, Inc.*, 702 F.2d 326, 332 (2d Cir. 1983).

The sands of this case have shifted since the filing of the complaint. It appeared then that plaintiff was entitled under Pennsylvania law to a return of the funds he contributed to the account. But it is no longer clear whether Pennsylvania law applies in this case, and as a matter of recent Vermont law, there is a rebuttable presumption that defendant is entitled to at least half of the money in the joint bank account. See *Massey v. Hrostek*, 2009 VT 70, ¶¶ 14–18 (explaining that in the absence of other evidence, the presumption is that joint tenants share equally in joint property). Defendant has also asserted that plaintiff intended to give her the rest of the money in the joint bank account as a gift. Plaintiff claims there was no donative intent.

The result is that there are competing allegations as to donative intent, but there is no evidence on either side to support the allegations, and no realistic way for the court to determine which allegation is more credible. Thus, the scales hang even at this time. Given this posture, continuance of the writ is not justified. The motion to dissolve the writ is accordingly granted.

The next question is whether the complaint should be dismissed for insufficient service of process. The relevant facts here are that (1) before any service of process was made in this case, defendant's attorney entered a notice of appearance; and (2) plaintiff thereafter served the complaint and summons upon defendant's attorney. Plaintiff has since explained that he meant to accomplish service upon an agent appointed by the defendant within the meaning of Vermont Civil Procedure Rule 4(d)(1).

Rule 4(d)(1) permits service to be accomplished by delivering a copy of the complaint and summons "to an agent authorized by appointment or by law to receive service of process." It is well established, however, that service under this option requires factual proof of an actual appointment for the specific purpose of receiving process. 4A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1097. It is therefore not enough to show

that the recipient acts as the defendant's agent for some, or even many, other purposes. Indeed, "even the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place." *Id.*; accord *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). Here, there is nothing in the factual record that provides a basis for believing that defendant appointed her attorney to be her agent for the specific purpose of receiving process.

Plaintiff contends that the notice of appearance authorized the attorney to receive the summons and complaint. It is true that Rule 5 authorizes attorneys to receive a wide variety of documents on behalf of the client once the notice of appearance is filed. But the plain language of the rule makes it clear that the scope of the authorization does not include receipt of the original complaint. See V.R.C.P. 5(a) (authorizing attorney to receive "every pleading *subsequent to the original complaint*") (emphasis added); accord 4B Federal Practice and Procedure, *supra*, at § 1143. The notice of appearance therefore does not provide a basis for concluding that defendant appointed her attorney as her agent for the purpose of receiving process in this case.

Dismissal would be too drastic a remedy for this error, however. Defendant is aware of the lawsuit; she has filed an answer and a counterclaim as well as various motions, and she personally attended the motion hearing. The better remedy would be to allow plaintiff additional time within which to complete proper service of the complaint either by personal service under Rule 4(d) or by waiver of service under Rule 4(l). Plaintiff must file proof of such service with the court by April 19, 2010.

Finally, the motion to dismiss for failure to state a claim upon which relief can be granted is denied. The Rule 12 motion is not an appropriate time or place for testing the merits of plaintiff's claim. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 14, 184 Vt. 1.

## ORDER

(1)     Defendant's Motion to Dissolve Writ of Attachment (MPR #2), filed Dec. 8, 2009, is ***granted***.

(2)     Defendant's Motion to Dismiss (MPR #3), filed Jan. 4, 2010, is ***denied***. Plaintiff must file proof of service with the court by April 19, 2010.

Dated at Woodstock, Vermont this 9th day of March, 2010.

_____
Hon. Harold E. Eaton, Jr.
Presiding Judge

3