**MARCEL DEKKER, INC., Plaintiff-Appellee,**

v.

**Jean-Pierre ANSELME, et al., Defendants-Appellants.**

**No. 72–1144.**

United States Court of Appeals, First Circuit.

Argued Sept. 12, 1972.

Decided Oct. 12, 1972.

Jack Larsen, Worcester, Mass., for defendant-appellant.

Lawrence W. Pollack, New York City, with whom Migdal, Low, Tenney & Glass, New York City, and Broude & Hochberg, Boston, Mass., were on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, McENTEE, Circuit Judge, and HAMLEY,* Senior Circuit Judge.

COFFIN, Chief Judge.

Plaintiff, Marcel Dekker, Inc., brought this suit for copyright infringement and unfair competition based on the defendants' continued use of certain materials from an allegedly copyrighted professional journal. Defendants counterclaimed, alleging that the copyright was invalid for a variety of reasons, and that plaintiff's efforts to assert its copyright constituted unfair competition. On June 30, 1971, defendant Organic Preparations and Procedures, Inc. filed two motions: a motion for summary judgment dismissing the complaint and granting certain injunctive and declaratory relief, and a separate motion for preliminary injunction based on its counterclaim. Separate affidavits were filed on behalf of the two motions. Although plaintiffs filed affidavits that were explicitly directed at both motions, the defendant's rebuttal affidavit was specifically captioned as being in support of its motion for summary judgment. A hearing on the motion for summary judgment was held on December 8, 1971. On March 31, 1972, the district court issued the following order:

This case came on to be heard on motion of defendant Organic Preparations and Procedures, Inc., for summary judgment to dismiss the complaint and for injunctive and declaratory relief under its counterclaim, and was argued by counsel for the parties orally and upon briefs submitted, and thereupon, upon consideration thereof, it is Ordered, Adjudged and Decreed as follows:

1) There is no substantial controversy that the alleged copyrighted material has not been dedicated to the public.

2) That as to the other issues raised by the complaint and counterclaim there exist genuine issues of material fact.

3) The motion for summary judgment be and it is hereby denied.

* Of the Ninth Circuit, sitting by designation.

Defendant Organic Preparations and Procedures, Inc. appealed from that order.

Although the issue was not raised by either party, we must first consider whether we have appellate jurisdiction. All agree that jurisdiction could only be premised on 28 U.S.C. § 1292(a)(1) which permits appeal from an interlocutory order refusing an injunction. Although, in the strict sense, the court's order amounted to a refusal to grant an injunction, the decisions of the Supreme Court and the policy of the appellate jurisdiction statutes make clear that this is not an appealable order.

With regard to most and, as appellant admits, the most important attacks on the copyright's validity, the court below only found genuine issues of material fact and thus the inappropriateness of summary process. The Supreme Court, in Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966), a trademark infringement suit, explicitly held that a denial of a motion for summary judgment because of unresolved issues of fact is not an appealable interlocutory order within the meaning of § 1292(a)(1), since it does not even tentatively decide anything about the merits of the claim. *Id.* at 25, 87 S.Ct. 193. Appellants might seek to avoid the thrust of *Switzerland Cheese* by claiming that the court's determination that there were issues of fact must have been premised on a decision to admit parol evidence with regard to the contract, and thus was a tentative decision on the merits. But even accepting appellant's premise about parol evidence, we have at best a pretrial evidentiary ruling, which in no way decides even tentatively the validity of the contract, its meaning, or the validity of the copyright.

The first numbered heading of the order at issue did, however, find no issue of fact as to the claim of dedication to the public and apparently denied the motion on the merits as to that point. At least as to that claim, the court in effect denied injunctive relief on the merits.

But the arguments as to public dedication which the court rejected were only two of the numerous arguments by the appellant going to the validity of the copyright. The court has not yet decided that the copyright was valid or even that the defendant had failed to show the probability of success as to the invalidity of the copyright, which would be one of the findings necessary to entitle him to injunctive relief. Nor did the court find a lack of irreparable injury or other separate requirement for injunctive relief which would mandate denial of the injunction regardless of its findings as to the merits. The policy of the federal appeals statutes against piecemeal litigation would be seriously frustrated were we to permit parties to appeal rejection of any argument which if successful would have provided one of the several elements necessary for injunctive relief. Indeed to allow appeals under such circumstances would deter district judges from processing cases efficiently by deciding each issue at the time that it is ready for decision.

We receive strong support for our decision from Goldstein v. Cox, 396 U.S. 471, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970). There the Supreme Court held relying on *Switzerland Cheese*, that a district court's denial of a motion for summary judgment granting the preliminary and final injunction requested in the complaint was not a denial of a preliminary injunction so as to bring the case within the Supreme Court's jurisdiction under 28 U.S.C. § 1253. In that case, the district court had held the challenged statute constitutional on its face but apparently found that there was a triable issue of fact as to whether it was being constitutionally applied. In essence, then, the district court had rejected on the merits one of appellant's two arguments regarding the unconstitutionality of the statute, just as here the district court rejected one of appellant's several arguments as to the invalidity of the copyright. Although the Supreme Court's jurisdictional statutes are subject to peculiarly strict construction, we

believe that the logic of *Goldstein* and its explicit reliance on *Switzerland Cheese* and the general policy against piecemeal appellate review, 396 U.S. at 470, 90 S.Ct. 671, dictate our dismissal of this appeal for lack of appellate jurisdiction.

Of course, nothing we say here intimates any view on the merits. Moreover, our dismissal of this appeal in no way precludes appellant from raising them again, along with any other issues then decided, in an appeal from an adverse final judgment or from an order denying an injunction on all grounds.

Appeal dismissed.