Robert RIGBY, Petitioner, Appellant,

v.

Lorraine DAMANT, Respondent, Appellee.

Nos. 07–1696, 07–1731.

United States Court of Appeals, First Circuit.

Submitted May 11, 2007.

Decided May 15, 2007.

Barry S. Pollack, Kevin M. Colmey, Joshua L. Solomon and Sullivan & Worcester LLP on response to order to show cause for petitioner/appellant.

Beth I.Z. Boland, Francesca L. Miceli and Bingham McCutchen LLP on motion to dismiss for respondent/appellee.

Before LYNCH, Circuit Judge, CAMPBELL and SELYA, Senior Circuit Judges.

PER CURIAM.

The petitioner seeks to appeal from the district court's order denying his motion for summary judgment pursuant to Fed. R.Civ.P. 56(c). He contends that this court has jurisdiction under 28 U.S.C. § 1292(a)(1) because the denial of the summary judgment motion was a denial of his request for an injunction ordering the return of his child to Canada pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the Convention). We disagree.

The Supreme Court has stated that "the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim." *Switzerland Cheese Assoc., Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). Such a motion is merely "a pretrial order that decides only one thing—that the case should go to trial. Orders that in no way

touch on the merits of the claim but only relate to pretrial procedures are not in our view 'interlocutory' within the meaning of § 1292(a)(1). We see no other way to protect the integrity of the congressional policy against piecemeal appeals." *Id.*; *see Marcel Dekker, Inc. v. Anselme*, 468 F.2d 607, 609 (1st Cir.1972); *see also* 11 James Wm. Moore, *Moore's Federal Practice* § 56.41[2][b][iii] (3d ed.1997) (explaining that "orders are not appealable simply because the case ultimately seeks injunctive relief").

Nor do we agree with the petitioner's alternative contention that mandamus review under 28 U.S.C. § 1651 is warranted in this case. Whether the district court properly concluded that the existence of genuine issues of material fact precluded granting the petitioner's motion for summary judgment does not " 'pose[ ] an elemental question of judicial authority—invoking precisely the type of Article III-type jurisdictional considerations that traditionally have triggered mandamus review.' " *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir.2000).

We add a coda. The petitioner's central concern appears to be that the district court's rulings—denying summary judgment and granting the respondent's motion to extend the time for completing discovery—seem to him to be in conflict with the Convention's directive that such cases be resolved expeditiously. The Convention itself provides a means for petitioners to raise a concern that the judicial authority is not proceeding expeditiously enough. *See* Article 11(2). To the extent that the petitioner also is concerned that he will be required to litigate custody issues in a state court proceeding initiated by the respondent, the Convention itself furnishes the answer. "[T]he Hague Convention provides that any state court custody litigation be stayed pending the outcome of the Hague Convention litigation." *Yang v. Tsui*, 416 F.3d 199, 203 (3d Cir. 2005), *cert. denied*, — U.S. —, 126 S.Ct. 1419, 164 L.Ed.2d 116 (2006). The petitioner does not allege that he has requested and been denied a stay in state court.

We need go no further. The short of it is that we lack jurisdiction over the petitioner's interlocutory appeal from the district court's denial of his motion for summary judgment. Consequently, we must also deny his request that we exercise pendent jurisdiction over related issues.

The appeals are *dismissed without prejudice for lack of jurisdiction. No costs.*