Order for the Court filed PER CURIAM. Dissenting order filed by Circuit Judge NEWMAN.

ORDER

PER CURIAM.
Roche Molecular Systems, Inc. et al. (Roche) petition for a writ of mandamus to direct the United States District Court for the Northern District of California to (1) vacate its April 16, 2007 order granting in part The Leiand Stanford Jr. University’s (Stanford) motion for summary judgment and denying Roche’s motion for summary judgment and (2) enter judgment in favor of Roche. Stanford opposes. Roche moves for leave to reply, with reply attached. Stanford opposes and moves, in the alternative, for leave to file a surreply, with surreply attached. Roche opposes Stanford’s motion for leave to file a surre-ply-
Stanford sued Roche for patent infringement. On cross motions for summary judgment, the district court determined, inter alia, that Roche was barred from asserting (1) that it was the owner of the patents, (2) that it had a license, and (3) that Stanford lacked standing. Roche petitions for a writ of mandamus to direct the district court to vacate its summary judgment order and to enter judgment in favor of Roche.
The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Cal-mar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable.” Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief “even though on normal appeal, a court might find reversible error.” In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985); see also United States v. Watson, 66 C.C.P.A. 107, 603 F.2d 192, 196-97 (1979) (“the writ will not issue to cure the mere commission of reversible error”). That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus. See Watson, 603 F.2d at 195 (“Neither the general rule limiting the appellate function to review of final judgments, nor the statute so limiting our appellate function ... can be evaded by use of an extraordinary writ to avoid delay entailing hardship, inconvenience, or an unnecessary trial”) (citations omitted); cf. Federal Trade Comm’n v. Standard Oil Co., 449 U.S. 232, 244, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (expenses and burdens of defending action do not constitute irreparable harm).
Roche argues that Stanford lacks standing and thus this court should direct the district court to vacate its summary judgment order and enter judgment in Roche’s favor. Stanford asserts that Roche has not shown that it has a clear and indisputable right to a writ because the relief it seeks may be obtained on direct appeal after the district court enters a final judgment.
We determine that Roche has not shown that it cannot obtain the relief it seeks by *1005 review after final judgment. Thus, mandamus relief is not appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The petition for a writ of mandamus is denied.
(2) Roche’s motion for leave to reply is granted.
(3) Stanford’s motion for leave to file a surreply is granted.