NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## MISCELLANEOUS DOCKET NO. 895

IN RE CLASSIC INDUSTRIES, LP, CLASSIC INDUSTRIES, INC., CLASSIC ARCHITECTURAL PRODUCTS, LP, CLASSIC CAPITAL MANAGEMENT, LLC, RLW GP MANAGEMENT, LLC SKW GP MANAGEMENT, LLC and RICKEY L. WILSON (also known as Rick Wilson),

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Texas in case no. 4:08-CV-01309, Judge Gray H. Miller.

ON PETITION FOR WRIT OF MANDAMUS

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

### O R D E R

Classic Industries, LP et al. (Classic) petition for a writ of mandamus to direct the United States District Court for the Southern District of Texas to vacate its orders denying Classic's motion to dismiss the complaint. Shell Oil Products Company, LLC and Motiva Enterprises, LLC (Shell) oppose.

The genesis of this declaratory judgment action lies in Shell's efforts to equip service station canopies with the unique identifier of a red and yellow, curved, fascia motif. In 2002, Shell contracted with Classic to manufacture the component parts of the fascia design. The parties dispute several facts leading up to their 2002 agreement, including who initially came up with the design for the motif. However, it is undisputed that prior to their agreement, Classic filed four patent applications for an ornamental design covering components of the curved fascia motif known as the "Lazy S" design.

The four patents issued shortly after the parties 2002 agreement. The parties subsequently agreed to continue their relationship through the fall of 2007.

Early in 2007, Shell approached three potential alternative suppliers. Architectural Graphics, Inc. (AGI) was one of those suppliers. AGI and Shell began discussions on a supply agreement, but negotiations stalled when AGI informed Shell that without the original design drawings and specifications Shell would have to pay additional redevelopment costs.* AGI also brought to Shell's attention, apparently for the first time, the existence of Classic's four design patents. AGI notified Shell that any agreement between Shell and AGI would require a provision indemnifying AGI in the event it was sued by Classic for patent infringement.

Without an agreement with AGI, Shell began negotiating a contract extension with Classic. During a meeting in November 2007, Shell confronted Classic about the patents and apparently mentioned the possibility of using an alternative supplier for the fascia components. Shell alleges that Classic responded that "[a]ll any vendor would have to do is pay Classic a license fee to sell Lazy S."

The parties ultimately agreed to extend the agreement until February 29, 2008, at which time the relationship terminated. On April 29, 2008, Shell filed a complaint seeking, inter alia, a declaration that Classic's design patents were invalid and unenforceable, as well as claims for conversion, unfair competition, breach of contract, unjust enrichment, conversion, theft, fraud, and misappropriation of trade secrets. Classic moved to dismiss the complaint, contending that there was not a sufficient

---

\* Shell alleges in its papers here and below that it turned over the original specifications and drawings to Classic prior to their 2002 agreement and that Classic refused to return the materials upon Shell's repeated requests.

judiciable controversy at issue between the parties because Classic has never threatened to bring an infringement claim against Shell. The district court denied Classic's motion. The district court found that Shell's prior discussions with AGI and Classic's November 2007 statement that any vendor would have to pay Classic a license fee were sufficient to establish jurisdiction over the declaratory judgment action.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985); see also United States v. Watson, 603 F.2d 192, 196-97 (C.C.P.A. 1979) ("the writ will not issue to cure the mere commission of reversible error"). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." In re Roche Molecular Sys., Inc., 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing United States v. Watson, 603 F.2d 192, 195 (C.C.P.A. 1979)).

Classic contends that the district court clearly abused its discretion by determining jurisdiction based upon the statement that any vendor would have to pay Classic a license. Under the general standard set forth by the Supreme Court in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007), a declaratory action is available when the facts as alleged, "'under all the circumstances, show that there is a

Misc. 895                                    3

substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant' relief" (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

In the papers submitted, Classic has not met its heavy burden to show a clear abuse of discretion. Classic has also not shown why it cannot raise any challenge to the district court's determination after an appeal from a final judgment.

Accordingly,

IT IS ORDERED THAT:

Classic's petition for a writ of mandamus is denied.

FOR THE COURT

MAY -5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Jeffrey S. Lowenstein, Esq.
     Paul C. Van Slyke, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY -5 2009

JAN HORBALY
CLERK

Misc. 895                                                    4