NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 916

IN RE WI-LAN INC.,

Petitioner.

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in case no. 08-CV-4555, Judge James Ware.

ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, LINN and PROST, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

Wi-LAN Inc. (Wi-LAN) petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order denying Wi-LAN's motion to dismiss Intel Corporation's (Intel) declaratory judgment action seeking a declaration of non-infringement of 18 of Wi-LAN's patents. Intel opposes. Wi-LAN moves for leave to file a reply, with the reply attached. Intel opposes.

Wi-LAN is the owner of a number of patents relating to WiMAX broadband wireless technologies. Beginning in 2006, Wi-LAN started communicating with Intel regarding licensing Wi-LAN's patent portfolio. On September 30, 2008, Intel filed a complaint seeking, inter alia, a declaration that it did not infringe 18 of Wi-LAN's patents. Wi-LAN moved to dismiss the complaint or to transfer the matter to the United States District Court for the Eastern District of Texas, where Wi-LAN had filed a patent infringement action against various parties including Intel. With respect to the motion to dismiss, Wi-LAN asserted that the district court lacked subject matter jurisdiction over

the complaint because no actual controversy over the patents existed at the time Intel filed its complaint.

The district court denied Wi-LAN's motion to dismiss and granted in part Wi-LAN's motion to transfer as to claims of infringement related to one of the eighteen patents. The district court found there was an actual controversy and jurisdiction over the declaratory judgment action based on (1) Wi-LAN's communications with Intel stating, inter alia, that Intel products infringed some of its patents, (2) Wi-LAN's statements to Intel that any company producing WiMAX products would require a license of Wi-LAN's patent portfolio, and (3) Wi-LAN's public statements in 2007 and 2008 regarding the use of its WiMAX related patents and its patent portfolio.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985); see also United States v. Watson, 603 F.2d 192, 196-97 (C.C.P.A. 1979) ("the writ will not issue to cure the mere commission of reversible error"). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." In re Roche Molecular Sys., Inc., 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing Watson, 603 F.2d at 195).

In the papers submitted, Wi-LAN has not met its heavy burden to show a clear abuse of discretion. Wi-LAN has also not shown why it cannot raise any challenge to the district court's determination after an appeal from a final judgment.

Accordingly,

IT IS ORDERED THAT:

(1)    Wi-LAN's petition for a writ of mandamus is denied.

(2)    The motion for leave to file a reply is granted.

FOR THE COURT

DEC 1 7 2009

Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:    Robert A. Cote, Esq.
Gregory S. Arovas, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 1 7 2009

JAN HORBALY
CLERK

Misc. 916                                              3