NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

IN RE AIM SPORTS, INC., GUOPING CUI (AN INDIVIDUAL ALSO KNOWN AS GEORGE CUI), YING CUI (AN INDIVIDUAL ALSO KNOWN AS AMBER CUI), SHANDONG INTERNATIONAL ECONOMIC & TECHNICAL DEVELOPMENT CO., LTD., AND COMBAT OPTICAL, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 999

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in case no. 10-CV-03814, Honorable Philip S. Gutierrez.

---

Before RADER, *Chief Judge*, DYK and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## ORDER

The petitioners seek a writ of mandamus directing the United States District Court for the Central District of California to vacate its August 23, 2011 order granting monetary and evidentiary sanctions against the petitioners.

This petition arises out of a suit filed by Carson Chang and New Century Sci & Tech, Inc. (Chang) against the petitioners for patent infringement, unfair competition, and breach of fiduciary duty. In March of 2011, the parties moved to compel the production of various documents. Insofar as relevant here, Chang's motion sought to compel discovery of the petitioners' mechanical drawings and engineering documents relating to the design and manufacturing of the accused products, sales information, and other financial documents.

The Magistrate Judge granted-in-part and denied-in-part each motion to compel. The Magistrate also ordered the petitioners to produce all responsive documents along with a declaration signed under penalty of perjury that all nonprivileged documents in their possession, custody or control had been produced.

In July of 2011, Chang again filed a motion to compel production of documents, which was granted the following month by the Magistrate. According to Chang, during subsequent depositions, multiple witnesses revealed that the petitioners withheld the production of requested documents and that the declaration submitted under penalty of perjury was false. The Magistrate ordered the petitioners to turn over responsive documents or file a declaration, signed under penalty of perjury, attesting that they have turned over all responsive documents.

After the petitioners failed to do so, Chang filed a motion seeking both monetary sanctions for attorney fees and evidentiary sanctions. On August 23, 2011, the district court granted in part Chang's motion for monetary and evidentiary sanctions against the petitioners. With respect to the evidentiary sanctions, the district court order prevented the petitioners from introducing any evidence contradicting Chang's damages expert as to the issue of sales information and prevented the petitioners from introducing any evidence contradicting Chang's

technical expert based on the petitioners withholding of design and engineering documents.

The petitioners now seek a writ of mandamus. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U. S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." *In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing *United States v. Watson*, 603 F.2d 192, 195 (C.C.P.A. 1979)). This exacting standard has not been met here. The petitioners can obtain adequate and meaningful relief of the sanctions order on appeal after final judgment. Thus, the court determines that the petitioners have not met their burden to obtain a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) Any pending motions are denied.

FOR THE COURT

NOV 14 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 14 2011

JAN HORBALY
CLERK

cc: Norbert Stahl, Esq.
    Boris Zelkind, Esq.
    Clerk, United States District Court for the Central
    District of California

s20