NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

IN RE FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., FIRST
QUALITY RETAIL SERVICES, LLC, AND FIRST
QUALITY HYGIENIC, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 122

---

On Petition for Writ of Mandamus to the United States
District Court for the Middle District of Pennsylvania in
case no. 09-CV-1685, Judge William W. Caldwell.

---

## ON PETITION

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

First Quality Baby Products, LLC, First Quality
Products, Inc., First Quality Retails Services, LLC, and
First Quality Hygienic, Inc. ("First Quality") submit a
petition for a writ of mandamus to direct the United
States District Court for the Middle District of Pennsyl-

vania to allow First Quality to take additional depositions.

This petition arises out of a suit filed by Kimberly-Clark Worldwide, Inc., ("Kimberly-Clark") against First Quality for patent infringement. In 2010, First Quality moved to compel production of discovery relating to several alternative dispute resolution matters that involved Kimberly-Clark and other non-parties to the underlying litigation. The district court granted the motion. The court denied Kimberly-Clark's motion for reconsideration but certified the issue of the scope of the mediation privilege, asserted by Kimberly-Clark, for interlocutory appeal. On November 15, 2011, this court held that the district court did not abuse its discretion in finding that Kimberly-Clark had failed to show that a privilege shielded the requested information from discovery and affirmed the district court's order.

Relevant to this petition, following our ruling on the privilege issue, First Quality sought leave to take up to eleven additional depositions (in excess of the 20 the district court had already permitted). The district court denied this request but extended the fact discovery deadline forty-five days.

The petitioners now seek a writ of mandamus. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980).

"That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." *In re Roche Molecular Sys., Inc.,* 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing *United States v. Watson,* 603 F.2d 192, 195 (C.C.P.A.1979)). This exacting standard has not been met here. The petitioners can obtain adequate and meaningful relief from the discovery order on appeal after final judgment. Thus, the court determines that the petitioners have not met their burden to obtain a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

AUG 10 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Kenneth P. George, Esq.
Andrew G. Klevorn, Esq.
Clerk, United States District Court for the Middle District of Pennsylvania

s25

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 10 2012

JAN HORBALY
CLERK