NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE VIGILANT VIDEO, INC. AND THE CITY OF PORT ARTHUR, TEXAS,**
*Petitioners.*

---

Miscellaneous Docket No. 161

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 10-CV-173, Judge Rodney Gilstrap.

---

**ON PETITION**

---

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

The United States District Court for the Eastern District of Texas has a standing order requiring parties seeking to file certain motions to first file a letter brief and request leave of court to file such motion. After the patent in this case was subjected to reexamination proceedings, petitioners were permitted leave to file a motion for summary judgment of non-infringement, which was denied-in-part. Petitioners, however, were not permitted to file a subsequent motion for summary judgment concerning patent invalidity of newly added infringement

contentions.  They now seek review of the denial of summary judgment and denial of leave to file rulings pursuant to this court's authority under the All Writs Act, 28 U.S.C. § 1651.

I.

Vigilant Video, Inc. manufactures a device for scanning and comparing license plates that it sold to the police department in Port Arthur, Texas.  Respondent John B. Adrain is also in the monitoring system market.

In May 2010, Adrain filed suit against Vigilant and Port Arthur (the "petitioners") in the Eastern District of Texas, alleging that the sale and use of the license plate recognition system infringed claims 1-3 and 6-10 of his patent (No. 5,831,669) disclosing a system for recording images and identifying correlation or lack of correlation with the images.

In August 2012, the Patent and Trademark Office (PTO) issued a reexamination certificate.  That certificate canceled Claim 1, amended Claim 2, and added several claims, including 30-32, 35-39, 41-42, and 51.  Petitioners responded to the reexamination certificate by moving for summary judgment asserting, in relevant part, that they did not infringe Claim 6, which was not part of the reexamination proceedings, but claimed a system in accordance with now amended Claim 2.

According to petitioners, Claim 6 now had to be read with the limitation that the claimed system comprised "a movably mounted *digital camera* adapted for receiving images of a space to be monitored for directly outputting digital image data[.]" (emphasis added).  Petitioners claimed that because their device used an analog camera they did not infringe and, in any event, could only be liable for damages after the reexamination certificate issued under the doctrine of intervening rights.

On May 13, 2013, the district court held, in relevant part, that "Claim 6 still exists as originally issued, including its dependence from the canceled claim 1 and original claim 2." The court concluded that, because Claim 6 was not part of the reexamination proceedings, in accordance with MPEP § 2260.01, "claim 6 still exists as originally issued."

On June 28, 2013, petitioners requested permission to file another motion for summary judgment concerning newly added claims 30-32, 35-39, and 41-42, which the court had allowed respondent to include in his infringement contentions. In their letter brief, petitioners stated that they intended to present the following three arguments: (1) that the newly added claims had not been plead, which was also the subject of a motion to dismiss; (2) that the claims were invalid; and (3) that they intended to argue "[t]hose same issues raised by defendants in [their] first Motion for Summary Judgment," which the court had found to be moot. Petitioners acknowledged that the court's docketing control order had set forth a deadline of April 3, 2013 for filing dispositive motions, but argued that the deadline should be disregarded in light of the fact that Adrain had been allowed to amend his complaint and discovery regarding the newly added claims was ongoing.

On July 8, 2013, the district court denied petitioners' request for leave to file its motion for summary judgment without explanation. On that same day, the district court issued a separate order that, among other things, amended the docket control order to extend the deadline for filing dispositive motions to August 2, 2013.

## II.

### A.

Because the writ of mandamus is reserved for "extraordinary situations," and is thus to be invoked only

4                                    IN RE VIGILANT VIDEO, INC.

sparingly, two requirements must be satisfied before issuance: first, petitioners must show a "clear and indisputable" right to the writ and, second, petitioners must have "no other adequate means to attain the relief [desired]." *Kerr v. U. S. Dist. Court for N. Dist. Of Cal.*, 426 U.S. 394, 403 (1976).

In light of this exacting standard, courts have recognized that mandamus is generally unavailable to parties seeking review of the merits of an order denying a motion for summary judgment, even an erroneous one. *See Commc'n Workers of Am. v. Am. Tel. & Tel. Co.*, 932 F.2d 199, 210 (3d Cir. 1991); *see also Rigby v. Damant*, 486 F.3d 692, 693 (1st Cir. 2007); *Chappell & Co., Inc. v. Frankel*, 367 F.2d 197, 199-200 (2d Cir. 1966); *cf. In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008).

This case is quite different from a case like *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.*, 717 F.2d 1374 (Fed. Cir. 1983), upon which petitioners rely. In *Mississippi Chemical*, we recognized that mandamus may issue to direct a trial court to grant summary judgment in the extraordinary circumstance where it is clear a trial can be avoided, such as where the patent-in-suit previously had been invalidated. *Id.* at 1380. While the PTO decision here altered the asserted claims, nothing in the PTO reexamination proceedings rendered Claim 6, or any of the other now asserted claims, invalid. Thus, unlike in *Mississippi Chemical*, this is not a case in which it is *clear* that trial can and should be avoided.

In any event, petitioners have not shown the necessary lack of another adequate means to obtain the relief of invalidating some or all of the asserted claims—both the trial and appellate process remain in which those issues can be addressed. If the district court applies the wrong construction of a claim during trial, the jury reaches an

unsupported conclusion, or damages are not correctly addressed, such errors can be corrected on appeal from final judgment.

B.

A district court's failure to consider the merits of a summary judgment motion when it had the duty to do so is subject to mandamus review. *See In re Sch. Asbestos Litig.*, 977 F.2d 764, 793 (3d Cir. 1992). Petitioners contend that is exactly what happened here when their second request to file a motion for summary judgment was denied without explanation.

A district court has broad discretion in deciding how to conduct summary judgment proceedings. *See generally Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1155-56 (5th Cir. 1993). The use of stated deadlines and limits on the number of filings reasonably fall within the court's discretion. *See, e.g.,* Fed. R. Civ. P. 56(b).

It has no discretion, however, to arbitrarily refuse an otherwise timely and allowable summary judgment motion. *See Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1008-10 (11th Cir. 1992); *Sch. Asbestos Litig.*, 977 F.2d at 794-95; *see also Johnson v. United States*, 460 F.3d 616, 620-21 (5th Cir. 2006); *cf. Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000). Though respondent argues that petitioners' motion was untimely, the court order extending the dispositive motion deadline to August 2, 2013 indicates otherwise.

The ground upon which the district court denied leave to file a motion for summary judgment is unclear. While untimeliness or earlier excessive, yet frivolous motions practice may have been concerns, as respondent asserts, there is no way to know on the current record. Given this gap in the record, we think the better course is to allow petitioners to seek the missing explanation(s) from the

6                                    IN RE VIGILANT VIDEO, INC.


district court so the need for mandamus intervention may be avoided, if appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.


                                        FOR THE COURT

                                        /s/ Daniel E. O'Toole
                                        Daniel E. O'Toole
                                        Clerk


s19