NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE TAIWAN UNION TECHNOLOGY CORPORATION,
*Petitioner.*

---

2014-144

---

On Petition for Writ of Mandamus to the United States District Court for the District of Arizona in No. 2:12-cv-01361-SLG, Judge Sharon L. Gleason.

---

## ON PETITION

---

Before O'MALLEY, WALLACH, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

This petition for a writ of mandamus has its origins in related suits brought by Isola USA Corporation ("Isola") against Park Electrochemical Corporation et al. ("Park") and Taiwan Union Technology Corporation ("TUC"). After Isola settled with Park, TUC moved to compel Park to produce confidential materials TUC believed could demonstrate Isola's patents are invalid.  The district court granted the motion but only to the extent that Park was compelled to turn over all materials it produced to Isola in discovery.  *See Isola USA Corp. v. Taiwan Union Tech.*

*Corp.*, 2:12-cv-01361-SLG (D. Ariz. May 23, 2014) (Docket Entry No. 115) (hereinafter "Discovery Order"). Not satisfied with that relief, TUC now seeks an order from this court compelling additional information relevant to its invalidity defense. Park opposes the petition and moves for sanctions. For the following reasons, we deny the petition and motion.

BACKGROUND

Isola is the owner of U.S. Patent Nos. 6,509,414; 7,897,258; and 8,022,140 (collectively, the "Patents-In-Suit"), which are directed toward a resin composition that can be used to manufacture prepregs and laminates. All three of the Patents-In-Suit share a claimed priority date of at least October 29, 1996. On June 25, 2012, Isola filed two complaints in the United States District Court for the District of Arizona, charging TUC and Park with infringement of the Patents-In-Suit. Isola's charges against Park centered on Park's N4000-13 line of products, an epoxy resin system designed for use in printed circuit materials. Eight months after the action was initiated, Park and Isola settled their dispute.

In March 2014, TUC subpoenaed Park, seeking information concerning: (1) the ingredients and/or materials used to prepare each resin composition in the manufacture of Park's N4000-13 prior to September 24, 1996; (2) the recipe and/or process used to prepare each resin composition used in the manufacture of the N4000-13 prior to September 24, 1996; (3) the specific amounts or ratios of each ingredient and/or material used to prepare the resin composition used in the manufacture of the N4000-13 prior to September 24, 1996; and (4) any marketing, sales and/or offer for sales of the N4000-13 prior to September 24, 1996. After Park objected on the grounds that the information requested constituted or contained trade secret and other highly sensitive competitive information, TUC filed a motion to compel.

On May 23, 2014, the district court issued an order granting-in-part and denying-in-part TUC's motion to compel. As is relevant here, the district court concluded that TUC had demonstrated a "substantial need" to obtain information from Park regarding the N4000-13 prior to September 1996, reasoning that "if N4000-13 was a prior art as defined under the applicable patent law, then TUC may be entitled to assert that fact as a defense in this case against its product." Discovery Order at 2-3. The court added that "information on the ingredients within the 'varnish' for N4000-13 as it existed prior to the 1996 priority date for the Patents-In-Suit could be highly relevant to TUC, and that information would appear to be not otherwise discoverable to TUC from other sources." *Id.*

Although the district court was persuaded that TUC was entitled to more information than Park had already turned over to TUC, it refused to grant the full scope of TUC's request. Instead, the court ruled that it was appropriate to limit discovery to "whatever Park previously provided to Isola that relates to the prior a[r]t issue during the course of the Park/Isola litigation." *Id.* at 3. In rejecting TUC's request for wholesale discovery of the N4000-13 product, the district court stated that "Park, as a non-party to this litigation, should not be put to the time and expense of sorting through the documents and communications between Park and Isola, except as necessary." *Id.* at 4. "Rather, to the extent such discovery is allowed," the court went on to explain, "that responsibility should fall to Isola, excepting only those relevant documents that Park provided to Isola subject to the protective order in the Isola/Park litigation." *Id.*

TUC moved for reconsideration in the district court and for a legible copy of one of the documents turned over by Park. The court denied the motion on July 8, 2014 except to direct Park to provide a fully legible version of

the document.  TUC filed this petition.  We have jurisdiction to consider the matter under 28 U.S.C. § 1651(a).

## DISCUSSION

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976).  Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).  The petitioner must show a "'clear and indisputable'" right to relief.  *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403).  The petitioner must "lack adequate alternative means to obtain the relief" it seeks.  *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403.  And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

While we do not agree with Park that the petition is frivolous, we do agree that TUC has not carried its burden in seeking mandamus relief.  A party adversely affected by an order denying a motion to compel may ordinarily obtain meaningful review on appeal after final judgment. *See, e.g., In re Subpoena Served on Cal.  Pub. Utilities Comm'n*, 813 F.2d 1473, 1480 (9th Cir. 1987) (dismissing interlocutory appeal on the ground that the order to quash the subpoena could be appealed after final judgment).  Although mandamus relief provides a "safety valve" in "extraordinary circumstances" to promptly correct "serious errors" or "manifest injustice," postjudgment appeals remain "generally suffic[ient] to protect the rights of litigants[.]" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109-111 (2009) (internal citations omitted).

We are unable to say that this is one of those rare "safety valve" cases.  *Id.* at 111.  TUC contends that "it should not have to wait until after final judgment to compel Park to produce" these documents.  TUC's Reply

at 5.  But mandamus relief is not available simply to relieve TUC of the burden of having to go through trial. *Cf. In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (petitioner's "hardship [and] inconvenience" in going through trial did not provide a basis for mandamus).  TUC further contends that there is a risk that it would have no remedy if Park were to engage in spoliation.  But this assertion appears to amount to nothing more than speculation.  Indeed, Park assures the court in its opposition and motion that TUC's fear of document destruction is unfounded.  Thus, we conclude that TUC has not presented extraordinary circumstances warranting mandamus relief.

Accordingly,

IT IS ORDERED THAT:

(1) TUC's petition for a writ of mandamus is denied.

(2) Park's motion for sanctions is denied.


FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court


s19