NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  SAND REVOLUTION LLC, SAND REVOLUTION II, LLC,**
*Petitioners*

---

2020-145

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:18-cv-00147-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before REYNA, WALLACH, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

In this patent infringement suit, the United States District Court for the Western District of Texas denied Sand Revolution LLC and Sand Revolution II, LLC's (collectively, "Sand") motion to stay the litigation pending a recently-instituted inter partes review of the same patent in the United States Patent and Trademark Office.  Sand now petitions for a writ of mandamus directing the district court to vacate that order and to stay proceedings pending

such review.   Continental Intermodal Group – Trucking LLC opposes.

Continental brought this patent suit in August 2018, seeking damages and injunctive relief against Sand, which Continental says is its direct competitor in the market for proppant storage and distribution systems.

After the district court denied Sand's motion to dismiss the complaint for failure to state a claim and issued its claim construction order, Sand filed a petition for inter partes review of the asserted claims.  In February 2020, the Patent Office denied Sand's petition, but on rehearing, the Patent Office agreed on June 16, 2020 to institute review on the grounds that the trial date had been pushed back and Sand stipulated not to pursue the same invalidity grounds in the civil litigation.

On July 21, 2020, Sand moved to stay the litigation pending the inter partes review.  The district court denied that motion, citing as a basis for its decision, among other reasons, that "staying the case would only further delay its resolution," "[d]enying the stay would allow the Parties to obtain a more timely and complete resolution of infringement, invalidity, and damages issues," and "Plaintiff opposes the stay."  Pet. at Appx14.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted).  Under the well-established standard for obtaining relief by way of mandamus, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

Sand has failed to satisfy this exacting standard.  The district court's ruling was cursory and this court could have

benefited from further elaboration based on the traditional stay factors. Nevertheless, we are unable to say that the district court clearly overstepped its authority or that Sand has shown a clear and indisputable right to a stay under the circumstances presented. Moreover, Sand has not shown that it is irreparably harmed by having to face the burden and expense of going through the district court litigation. *Cf. In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (petitioner's "hardship [and] inconvenience" in going through trial did not provide a basis for granting mandamus (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

September 28, 2020          /s/ Peter R. Marksteiner
      Date                 Peter R. Marksteiner
                           Clerk of Court

s32