NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: REALTEK SEMICONDUCTOR CORPORA-
TION,**
*Petitioner*

---

2023-132

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-01162-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before CHEN, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

This petition for a writ of mandamus is from a patent infringement suit brought by ParkerVision, Inc. against Realtek Semiconductor Corporation in the United States District Court for the Western District of Texas. When Realtek, which is based in Taiwan, contested the sufficiency of service of process and did not timely file an answer to the complaint, ParkerVision moved (though later withdrew) a motion for leave to effect alternative service of process and subsequently moved for entry of default. Following a

hearing, the district court denied the motion for default but ordered Realtek's appearing attorney to accept service of process on his client's behalf within 30 days.

Realtek now petitions to vacate that order. Before we may issue the "extraordinary remedy" of a writ of mandamus, three conditions must be satisfied: (1) the petitioner must have "no other adequate means to attain the relief [it] desires," (2) the petitioner must show that the "right to issuance of the writ is clear and indisputable," and (3) the court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). Realtek has not satisfied that demanding standard.[*]

In general, a party seeking to vindicate its right not to be forced to appear before a court at all must ordinarily wait until after a final decision in order to seek appellate review. *See In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008); *In re TCT Mobile Int'l Ltd.*, 783 F. App'x 1028, 1029 (Fed. Cir. 2019) ("Because a defendant

---

[*] We have also set out an alternative, narrow basis for granting mandamus: where such relief "is important to proper judicial administration." *Stingray*, 56 F.4th 1379, 1382 (Fed. Cir. 2023); *see also In re Micron Tech., Inc.*, 875 F.3d 1091, 1096 (Fed. Cir. 2017) (granting mandamus review to "reduce the widespread disparities in rulings on . . . fundamental legal standards"). The petition before us invokes this alternative basis as well as the general three-conditions basis for mandamus. *See, e.g.*, Petition at 11-14; Reply at 4-7. However, we perceive here no "unusual" and "exceptional" circumstances as are necessary to warrant the exercise of our discretion to provide mandamus relief under this narrow, alternative basis, *Stingray*, 56 F.4th at 1382, particularly given that the petition fails to satisfy any of the three *Cheney* conditions for granting mandamus.

can obtain meaningful review of a denial of a motion to dismiss for lack of jurisdiction after final judgment, mandamus is ordinarily not available."); *In re BNY ConvergEx Grp., LLC*, 404 F. App'x 484, 485 (Fed. Cir. 2010) ("To grant mandamus simply because a party asserts it will be forced to expend unnecessary costs would make a large class of interlocutory orders routinely reviewable," "clearly undermin[ing] the extraordinary nature" of mandamus relief).

Moreover, Realtek has not shown a clear and indisputable right to relief. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." *Id.* Realtek relies specifically on Rule 4(f)(2), which provides that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," process may be served "by a method that is reasonably calculated to give notice" as "prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." In support, Realtek cites to some district court cases that have concluded service under Rule 4(f)(2) must be administered by a court clerk of Taiwan. Because that was not done here, Realtek contends service is improper.

But that argument does not account for the fact that Rule 4(f)(3), which "stands independently" and "on equal footing" with Rule 4(f)(2), *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (internal quotation marks and citation omitted), authorizes courts to direct "other means" of service as long as such means are not "prohibited by international agreement." While some courts in applying Rule 4(f)(3) "have looked to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service . . . by conventional means," those considerations merely "guide the

exercise of discretion, and are not akin to an exhaustion requirement." *In re OnePlus Tech. (Shenzhen) Co.*, No. 2021-165, 2021 WL 4130643, at \*3 (Fed. Cir. Sept. 10, 2021).

Here, we find no clear abuse of discretion in the district court's application of Rule 4(f)(3). Realtek identifies no international agreement prohibiting the ordered means of service, and other courts have concluded that "[t]his form of service is not prohibited by international agreement, as Taiwan is not a party to the Hague Convention or to any other treaty or agreement with the United States regarding service of process," *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2018 WL 4804675, at \*3 (S.D.N.Y. Oct. 3, 2018).

Furthermore, the district court found that ParkerVision had attempted to serve Realtek in good faith and the amount of time that the case had been around justified its intervention. While Realtek argues that the district court should have required ParkerVision to make more of an effort to serve via other means before resort to Rule 4(f)(3), "[g]iven the broad discretion accorded to district courts in determining whether to grant relief under Rule 4(f)(3)," we cannot say that mandamus relief is warranted in these circumstances. *OnePlus*, 2021 WL 4130643, at \*4.

We also are unpersuaded by Realtek's argument that service cannot be effective on its attorney, who Realtek contends was not authorized to receive service and appeared only to contest service. Realtek cites to *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878 (Fed. Cir. 1997), but that case does not support its cause. In *Ziegler*, the Court of International Trade ("CIT") found that attempts to serve a corporation by mailing a copy of the complaint to its attorney were insufficient under a CIT rule materially the same as Rule 4(h)(1), which authorizes service for a corporation on an "officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to

receive service." We affirmed on the ground that there was no evidence that the attorney had authority to accept service, noting that "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *Ziegler*, 111 F.3d at 881.

The problem for Realtek here is that none of the cases it has cited, including *Ziegler*, involved Rule 4(f)(3). In fact, other courts have held that "[t]he requirements of Rule 4(h)(1) do not carry over to Rule 4(f)(3)" and "thus have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf." *Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 83 (D.C. Cir. 2014) (citing cases). Realtek points to no contrary authority.

Finally, Realtek argues that the court's order directing alternative service to its counsel violated its due process rights. But it has failed to show that the means of service was not reasonably calculated to provide notice of the action and afford an opportunity to respond. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Realtek has not shown that it was not in communication with its attorney who appeared before the district court at the hearing, and its attorney told the district court that 30 days would be sufficient to inform Realtek to file its answer. Appx15. Under such circumstances, we discern no clear and indisputable constitutional infirmity.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 16, 2023                           /s/ Jarrett B. Perlow
        Date                               Jarrett B. Perlow
                                           Clerk of Court