NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: ECTO WORLD LLC, dba Demand Vape, MAGELLAN TECHNOLOGY INC.,**
*Petitioners*

---

2026-132

---

On Petition for Writ of Mandamus to the United States International Trade Commission in No. 337-TA-1486.

---

**ON PETITION**

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Petitioners (collectively, "Ecto World") seek a writ of mandamus directing the United States International Trade Commission ("Commission") to terminate or stay its ongoing investigation into whether the importation of certain flavored vape products violates 19 U.S.C. § 1337. Respondents (collectively, "Reynolds") and the Commission oppose.

This investigation followed an earlier investigation at the behest of Reynolds raising similar allegations of unfair competition based on alleged violations of the Prevent All

Cigarette Trafficking ("PACT") Act. The Commission terminated that investigation at Reynolds's request over Ecto World's objection that termination be with prejudice to refiling. Ecto World's appeal of that decision is currently pending. *See* Appeal No. 2025-1818. In the present investigation, the Commission notes that "[n]either the [Administrative Law Judge] nor the Commission has issued a final determination addressing whether a violation of section 337 could or should be found." ECF No. 14 at 19.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "clear and indisputable" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381. Ecto World fails to meet that demanding standard.

Ecto World primarily argues that the Commission lacks jurisdiction over violations based on the PACT Act. But Ecto World has failed to show the ability to raise this challenge before the Commission or in a post-final determination appeal is an inadequate remedy. *See In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) ("That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus.") (citations omitted); *cf. Fed. Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232, 244 (1980) (explaining that expenses and burdens of defending action do not constitute irreparable harm).

Ecto World also contends that the Commission should have declined to institute this investigation or alternatively stayed this investigation pending resolution of Ecto World's pending appeal on whether the first investigation should have been terminated with prejudice. But Ecto World has not shown the Commission so clearly abused its considerable discretion in managing its docket as to warrant the extraordinary remedy of mandamus. *See Fla. Mun. Power Agency v. FERC*, 315 F.3d 362, 366 (D.C. Cir. 2003) ("Administrative agencies enjoy 'broad discretion' to manage their own dockets[.]" (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

June 11, 2026
Date

Jarrett B. Perlow
Clerk of Court